## ERNEST HEYN *v.* BUONAPARTE PHILIPS.

CONTRACT TO FIND PURCHASER OF LAND.—A contract by which P. agrees that if H. will, within a fixed time, find a purchaser of P.'s land at two hundred dollars per acre, P. will sell and convey the land to the purchaser, and that H. may have for his services all that can be obtained from the purchaser over two hundred dollars per acre, is not a contract for the sale of any land or interest in land, within the meaning of the eighth section of the Statute of Frauds.

LIABILITY ON CONTRACT TO FIND PURCHASER OF LAND.—A contract between P. and H., by which P. agrees that if H. will find a purchaser of P.'s land at a certain price, P. will sell to the purchaser at such price, and that H. may have for his services all that the purchaser will pay over such price, is a mere contract of employment; and if H. finds the purchaser, and P. refuses to sell, H. may recover from P. for his services what the purchaser was willing to pay over the price.

APPEAL from the District Court, Third Judicial District, Alameda County.

This action was brought to recover four thousand dollars

for the service rendered in finding a purchaser of the defend-
ant's land. The proof showed that the contract between the
plaintiff and the defendant was in parol. The Court below
was of opinion that the contract was within the Statute of
Frauds, so far as it related to the sale and conveyance of
land, and that for that reason the plaintiff could not recover.
The plaintiff appealed

The other facts are stated in the opinion of the Court.

*A. M. Crane*, for Appellant, argued that there was no con-
tract between the parties, involving, as between them, the
sale or conveyance of land, and that the plaintiff was seek-
ing only to recover four thousand dollars, which the defend-
ant agreed he should have if he would produce a purchaser;
and if the defendant was under no legal obligation to con-
vey the land because he had not agreed to do so in writing,
this did not affect the plaintiff's right to recover the sum
agreed to be paid for his services; and cited *Corning* v. *Cal-
vert*, 2 Hillton, (N. Y. Com. Pleas,) 56; *Donnellan* v. *Read*, 3
Barn. & Adol. 899; *Hosford* v. *Carter*, 10 Abb. Pr. 452;
*Quackenbush* v. *Ehle*, 5 Barb. S. C. 469; and *Pixley* v. *W. P.
R. R.*, 33 Cal. 183.

*Pixley & Smith*, for Respondent, argued that although it
might be true there was no contract between the plaintiff
and the defendant concerning the conveyance of land as
between them, yet the plaintiff was seeking to recover dam-
ages suffered in consequence of the breach of a contract to
convey land, and that the plaintiff's four thousand dollars
rested wholly and was contingent upon the conveyance of
land, and that as the defendant was under no obligation to
convey, he was not liable for a disappointment to the plain-
tiff resulting from a failure to convey; and cited *Burlingame*
v. *Burlingame*, 7 Cowen, 92; *King* v. *Brown*, 2 Hill, 485; *Lisk*
v. *Sherman*, 25 Barb. S. C. 433; and *Erhen* v. *Lorrillard*, 19
N. Y. 299.

By the Court, SAWYER, C. J.:

The question in this case is, whether the contract sued on and proved is a contract "for the sale of any lands, or interest in lands," within the meaning of the eighth section of the Statute of Frauds, and which is required to be in writing, and subscribed by the party to be charged.

The contract alleged is, that defendant employed said plaintiff to negotiate a sale of certain described lands, and find a purchaser for the same; that it was "stipulated and agreed by and between said defendant and said plaintiff, that if said plaintiff would and should, within ten days from said last named day, find a purchaser or purchasers for said land, at the price of two hundred dollars per acre, that the said defendant would sell and convey the same for that sum to such purchaser or purchasers, and that said plaintiff might and should have for his services in making such negotiation and finding a purchaser or purchasers, all that might or could be obtained from such purchaser or purchasers over said sum of two hundred dollars per acre;" that plaintiff found a purchaser at that sum and four thousand dollars over; that said purchaser tendered the money to defendant and demanded a conveyance, and that said defendant refused to receive said sum, or make a conveyance, whereby plaintiff was prevented from receiving the said excess of four thousand dollars as compensation for his services.

It does not appear to us that this is a contract for the sale of land, or an interest in land, within the meaning of the Statute of Frauds. It was a mere contract of employment between the plaintiff and defendant. There was no sale of land from the defendant to the plaintiff. The plaintiff was simply employed to find a purchaser for defendant's land at a given price to be realized by defendant, and the compensation to be received by plaintiff was to be such sum as he could get for the land over the given price. It is true that defendant agreed that in case a purchaser should be found

willing to pay the given price or a larger sum, he would convey to such purchaser upon the receipt of the money so as to enable plaintiff to realize the compensation, and he did not agree to pay anything himself, but this was still but a mode of ascertaining and obtaining a compensation for plaintiff's services. The plaintiff had no interest, and was to have no interest whatever in the land, *as such.* The contract was substantially one of employment to find a purchaser of land, and not as between the parties a sale or agreement to sell land, or any interest in land. The subject matter of the contract was the business of finding a party who would purchase the land for a given price and such sum over as would compensate the plaintiff for his services. He found a purchaser, and he was prevented from receiving his compensation by the refusal of the defendant to enter into the contract of sale with the purchaser found by plaintiff.

We think the judgment and order denying a new trial should be reversed and a new trial had, and it is so ordered.