## HACKNEY ET AL. v. BUTTS ET AL.

1. TITLE TO LAND: *Contest between legal and equitable.*

In equity, as well as at law, the legal title must prevail in a contest for land, unless the holder of the equitable title can show a prior right and superior equity.

2.  PRINCIPAL AND AGENT:  *Deed:  How to be executed by agent.*

A deed of conveyance exccuted by an agent should be executed in the name of the principal.  If executed in the name of the agent it will not bind the principal, and parol evidence of an intention to bind him will be inadmissible.

3.  TRUST:  *Breach of contract to buy land for another.*

Where A contracts by parol to purchase land for B, but afterwards purchases for himself, B paying none of the consideration, no trust results in B.  It is a mere violation of a parol agreement, for which equity will not decree A a trustee for B.

4.  EVIDENCE:  *Without pleading, worthless.*

Proof without allegation is as bad as allegation without proof.

APPEAL from *Johnson* circuit court in chancery.

Hon. W. D. JACOWAY, Circuit Judge.

*Clark and Williams* for appellants.

1. There is no response to the amended answer of defendants, except a general denial in short of its truth. There is, therefore, no charge of fraud or bad faith in any of the transactions constituting defendant's chain of title. *And the bona fides of Mrs. Hackney's possession and claim of title is not in issue in this suit.*  The general denial can avail nothing against the titles as set out with the certificates of acknowledgment and record.  *Green's Pl. and Pr.*, *sec. 863* ; *Newman's Pl. and Pr.*, *630* ; *Vant Santwood's Pl.*, *p. 626* ; *5 John.*, *ch. 76.*

Butts was the agent and trustee of defendant to purchase the dower interest of Mrs. Hickey, and, although no resulting trust would arise, because Hackney did not advance the purchase money or put the agreement in writing, such a transaction was a fraud and *mala fides*.  *Bispham on Eq.*, *sec. 80.*

If the power of attorney did not carry the legal title in *presenti*, it was good as a covenant to stand seized to uses, which vested title under.  *Stat. Henry VIII, ch. 10* ; *Bisp. Eq.*, *secs. 10–53–55* ; *29 Ark.*, *558* ; *Adams' Ejectment*, *p. 87.*

But if there had been no writings, the evidence establishes a sale to Kline and Green, payment of purchase money, possession for three years by defendant, substantial improvements made, all with full knolwedge of Hickey. It falls within the rule of part performance, and specific performance should have been decreed on the cross-petition. *Besp. Eq.*, *384-5*; *43 N. Y.*, *34*; *67 Ill.*, *265*; *1 Ark.*, *391*; *15 Ark.*, *322*; *16 Id.*, *122*.

The power of attorney was a bargain and sale of the land for a consideration, which the court should have enforced by compelling title.

*Geo. L. Basham* for appellees.

1. The power of attorney was void. *Secs. 2,290-2,291 Rev. Stat. U. S.* The acknowledgment fatally defective, the word "consideration" being omitted. *36 Ark.*, *62*. The lands not sufficiently described. *Gantt's Dig.*, *secs. 851-2*; *30 Ark.*, *657*.

The whole circumstances show *fraud* and deception.

2. The act of Green conveying the property to Kline was not the act of Hickey, nor is he bound by the same. *Wash. Real. Prop. p. 277-8-9*; *7 Mass.*, *14, 19*; *5 Pet. 319*; *6 T. R.*, *176*; *Lord Raym.*, *1,418*; *4 Wash. C. C.*, *280*; *16 Mass.*, *42*; *5 Gratt.*, *110*; *10 Ark.*, *428*; *2 Cush.*, *337*; *13 Col.*, *235*; *29 Id.*, *352*; *23 Wend.*, *439*; *24 Id.*, *90*.

SMITH, J. Butts brought ejectment against Hackney, deriving his title from a patent issued by the United States to one Hickey on the first of November, 1875, and a deed from Hickey and wife to the plaintiff, bearing date November 13, 1877. The defendant put in an answer, setting up title in his wife, who was thereupon made a party defendant. Her chain of title consisted of:

1. A letter of attorney from Hickey, the patentee, to

Ed. Green, dated January 6, 1876, expressed to be for valuable consideration and irrevocable, authorizing his said attorney in fact to sell and convey all lands then owned or thereafter to be acquired by him, and particularly his title to eighty acres of land under the act of congress of June 8, 1872, and the amendatory act of March 3, 1873, entitling him as a discharged soldier in the army of the United States to eighty acres of land in addition to his homestead, which he had entered and perfected previous to that time,.

2. A deed of conveyance made by Green to one Kline, dated December 7, 1875 ; and

3. A deed from Kline and wife to Mrs. Hackney, of date September 6, 1875.

The deed from Green to Kline does not purport to have been executed in the name of Hickey, nor by Green as attorney of Hickey ; and indeed it could not, since its execution preceded the making of the power of attorney.

But the defendants alleged, in support of their title, that Mrs. Hackney was in possession of the premises at the time the plaintiff received his deed, and that he had both actual and constructive notice of her possession and title, and knew that the deed by Green to Kline was intended to be made by virtue of said power, and upon a valuable consideration, but the same failed to show on its face that it was executed by the attorney in fact for Hickey, and also omitted to state the consideration paid by Kline. And it was prayed that the contract under which Mrs. Hackney purchased might be specifically performed and that the possession of the defendants might be quieted. To this answer the plaintiff demurred, because it invoked the equitable jurisdiction of the court to compel the specific performance of a contract when the parties to the contract were not before the court, and because the court was asked to execute a power which the donee of the power had never attempted to execute.

Hackney, et al. v. Butts, et al.

Green and Hickey were then, by order of court, on defendants' motion, made co-plaintiffs, and the cause was transferred to equity. By consent the plaintiffs entered in short upon the record a general denial of the allegations contained in the answer and counter-claim.

Upon these pleadings and exhibits and depositions taken on both sides, the cause was heard. And the court decreed the property to Butts.

The plaintiff, being armed with the legal title, must prevail unless the defendants can show a prior right and a superior equity. *Woodruff v. Core, 23 Ark., 341* ; *Paty v. Harrell, 24 Id., 40; McIver v. Williams, Ib., 33; Schaer v. Gliston, Ib., 137.*

The instrument standing at the head of the defendant's chain of title contains no words of conveyance, but it is a simple power to sell and convey in the name and behalf of the constituent. In consideration of twenty dollars paid down, it is agreed that the power vested in the attorney in fact shall never be revoked and, in favor of said attorney, all claim to the proceeds of sale is renounced. It is contended that this instrument, while it may not be effectual to carry the legal title, was yet good as a covenant to stand seized to uses and that the statute of uses executed the use and vested the title in the person beneficially interested. And *Stierman v. Cravens, 29 Ark., 558* is cited as decisive of the question.

1. TITLE TO LAW: Contest between legal and equitable.

We are satisfied that Hickey signed the power of attorney, but are not so sure that he knew what he was doing. Green and he were total strangers to each other, although both resided in the same county. Green, testifying long afterwards, says he never saw Hickey in his life, and he did not understand that he had been named as attorney in fact, but thought the instrument was a deed of conveyance. Hickey says he had no business transactions with Greene, and denies that he ever sold his additional homestead right

to anyone except Butts.   In this connection may be noticed
the following paper, which was produced in evidence :

"Received of Kline and Greene my patent for the south-
west quarter of  the northeast  quarter  and the  southwest
of the northwest, section fourteen,  township  ten,  north of
range  twenty-one  west,  and  the  north half of southwest
quarter of section nine,  in township  nine,  north of  range
twenty-four west,  which I have sold to Ed. Greene.

L. H. HICKEY."


The  tract last above.described is the land in controversy.
Now Hickey, as we infer, was an illiterate man.   He says
he can read writing tolerably well.   Kline  does  not  know
whether Hickey can read writing  or  not, but  knows he can
write. Kline was a claim agent employed by Hickey to procure
his bounty,  back pay and additional homestead, and Greene
was a partner of  Kline.   The power  of  attorney and  the
foregoing  receipt  were  signed  on the same day.   Several
other papers,  relating to business which Kline had in hand,
were  signed  by Hickey on that day.   Hickey says the sig-
nature to the power of attorney and  the  receipt resemble
his handwriting  and  he  cannot  swear  positively  that  he
never signed them ; that  Kline  read  aloud to him some of
the papers that were to be signed, and may  have read all of
them ; that at the time he signed the receipt for his patent,
he was  not aware it contained anything about a sale of land
to ' Greene ; that he has  no recollection of reading  the re-
ceipt,  but never would have  signed it had  he  known the
contents.

This  power of  attorney  to  Kline's partner purports to
have  been  acknowledged  before  Kline, who was a notary
public.   In  fact, it  was  as  much  for Kline's benefit as it
was  for Greene's.   It was Kline who advanced the twenty
dollars, if any money was paid.   He did not inform his cli-
ent that he had, four months before, sold and conveyed this

land to Mrs. Hackney for $115, and had received the con-
sideration money.

The whole transaction wears too questionable a shape and
is surrounded with too many suspicious circumstances for us
to overturn a direct legal title in order to give effect to the
defendant's equities.  Greene was not Hickey's attorney in
fact when he conveyed to Kline, nor when Kline conveyed
to Mrs. Hackney, nor is there any clause in the letter of
attorney, which, by intendment, can be construed to ratify
a previous sale of the land.

And moreover, Greene's deed is not executed in the name
of his principal, but in his own name,  This is a fatal ob-
jection according to all the adjudged cases.  Thus in
*Combe's Case, 9 Coke, 76 b*, "it was resolved that when
any has authority, as attorney, to do any act, he ought to
do it in his name who gives the authority ; for he appoints
the attorney to be in his place, and to represent his person ;
and therefore the attorney cannot do it in his own name,
nor as his proper act, but in the name and as the act of him
who gives the authority." This case has never been shaken
from that day to this, but on the contrary, the principle de-
cided has become an established rule in the alienation of
real estate. *3 Washburn on Real Prop., (3d Ed.)*,
[*573] ; *Evans v. Wells, 22 Wendell, 325* ; *Elwel v.
Shaw, 16 Mass., 42; same case, 1 Am. Lead. Cas.,*
[*596 ] *and note.*

In *Lessee of Clarke v. Courtney, 5 Pet., 349*, Judge
Story, commenting on the attempted execution of a power
of attorney in the attorney's own name, says :  "The act
does not therefore purport to be the act of the principals,
but of the attorney.  It is his deed and his seal, and not
theirs.  This may savor of refinement, since it is apparent
that the party intended to pass the interest and title of his
principals.  But the law looks not to the intent alone,
but to the fact whether that intent has been executed in

*2. Deed,
how to be
executed
by agent.*

such a manner as to possess a legal validity."

This rule was followed and applied in this court in *State v. Jennings, 10 Ark., 428.*

Parol evidence to bind principal not admissible

Hickey's name not being mentioned either in the body of the deed, or in the attestation of it, the deed has no operation against him; and parol evidence of an intention to bind him is not admissible.

3. TRUST: Breach of parol contract to buy land for another.

There was evidence conducing to show that Hackney had employed the plaintiff to buy Mrs. Hickey's possibility of dower. And it was argued that the plaintiff had undertaken to perform a trust and ought not to be permitted to purchase for his own benefit. Now this cannot be an express trust, since it is not declared by any writing. Neither can a trust result from the transaction, since Hackney did not furnish the purchase money. It is a mere violation of a parol agreement, for which it is well settled equity will not decree a purchaser to be a trustee. *Bispham Principles of Eq., sec. 80.* But it is unnecessary to consider this point. There was no averment in the answer that Butts, in purchasing, acted as Hackney's agent. And proof without

4. Proof without allegation

allegation is as bad as allegation without proof. *Brodie v. Skelton, 11 Ark., 134; Trapnall v. Burton, 24 Id., 371; Payne v. Flournoy, 29 Ark., 500; Piatt v. Vattier, 9 Pet., 402; Boone v. Chiles, 10 Id., 177; Wilcox v. Hunt, 13 Id., 378.*

Let the decree be affirmed.