## C. S. BRADFORD v. M. H. LAFFEY.

APPEAL ON POINTS OF LAW FROM THE DISTRICT MAGISTRATE OF
HILO, HAWAII.

SUBMITTED JUNE 30, 1898.        DECIDED JULY 11, 1898.

JUDD, C.J., FREAR AND WHITING, JJ.

A promise to a real estate broker to pay him for negotiating a sale or a purchase of land is not within the statute of frauds.

OPINION OF THE COURT BY WHITING, J.

The plaintiff brought his action against defendant to recover commissions for negotiating a sale of defendant's land, on an alleged oral promise of defendant to pay him 5% on the price paid.

The defendant pleaded that this agreement or contract was within the Statute of Frauds and must be in writing. The District Magistrate sustained the plea and plaintiff appeals to this court.

The District Magistrate erred in sustaining the plea. "The suit is not brought upon a contract for the sale of real estate, but upon a contract to procure a purchaser, which is valid without being in writing." *Fisher v. Bell*, 91 Ind. 243.

A promise to a real estate broker to pay him for negotiating a sale or a purchase of land is not within the Statute of Frauds, be the promise to pay a sum certain or a sum proportional to the price. The broker has no interest in the land either before or after the transaction, and the promise is merely one to pay for work and labor. Reed on Statute of Frauds, Sec. 756.

*Hosford v. Carter*, 10 Abb. Pr. 453.
*Heyn v. Philips*, 37 Cal. 529.
*Desmond v. Stebbins*, 140 Mass. 339.

The defendant cites and relies upon *MacPhail v. Buell*, 87 Cal. 115, as in point and decisive of this case, where the court held that to entitle a broker in this class of cases to recover commissions, his contract therefor must be in writing (citing Cal. Civil Code Sec. 1624, *McCarthy v. Loup*, 62 Cal. 302). This decision was based on Sec. 1624, Cal. Civil Code which is set forth in the opinion of the court in *McCarthy v. Loup*, viz: "The Code provides that 'an agreement authorizing or empowering an agent or broker to purchase or sell real estate for compensation or a commission' is invalid unless the same or some note or memorandum thereof be in writing and subscribed by the party to be charged or his agent.

It is clear therefore that the case relied on by defendant, being based on a specific statute governing such cases, cannot be authority here where we have no such statute.

Our Statute of Frauds is Section 1053 of the Civil Code:—
"No action shall be brought and maintained in any of the following cases:        *        *        *

Fourth: Upon any contract for the sale of lands, tenements or hereditaments, or any interest in or concerning them. * * * Unless the promise contract or agreement, upon which such action shall be brought, or some memorandum or note thereof shall be in writing, and be signed by the party to be charged therewith, or by some person thereunto by him lawfully authorized."

The California Statute of Frauds is similar to ours and in *Heyn v. Philips*, 37 Cal. 529, the court held that a contract to negotiate a sale of land and find a purchaser for the same for which the broker or agent was to receive a commission, is not a contract for the sale of land, or an interest in land, within the meaning of the Statute of Frauds. It was a mere contract of employment. The plaintiff has no interest, and was to have no interest whatever in the land, *as such*.

The judgment of the District Magistrate is reversed, the demurrer ordered to be overruled and the case remanded to the District Magistrate of Hilo. Defendant to pay costs.

*G. F. Little* for plaintiff.
*Hitchcock & Wise* for defendant.