LEONARD LEIMBACH, APPELLANT, v. HANS REGNER, APPELLEE.

Submitted December 8, 1903—Decided February 23, 1904.

1. An agreement to pay a percentage upon the price fixed upon by the defendant and such purchaser as the plaintiff might obtain for certain real estate of the defendant, is within the tenth section of the statute of frauds and can be recovered upon only if in writing, signed by the owner or his agent.

2. The plaintiff cannot recover on a *quantum meruit* in such case when it appears that the transaction out of which the claim to compensation arises is a contract for the sale or exchange of real estate.

On appeal.

Before Justices GARRISON and GARRETSON.

For the appellant, *Algernon T. Sweeney.*

For the appellee, *Leonard Kalisch.*

The opinion of the court was delivered by

GARRETSON, J. This is an appeal from a judgment of non-suit entered in a District Court. The contract sued upon was a verbal agreement by the defendant to pay the plaintiff two and one-half per cent. upon the price agreed upon by the defendant and such prospective purchaser as the plaintiff might obtain for certain real estate described. The plaintiff did procure a purchaser, who bought the premises for $4,000, and the plaintiff sues for $100.

This agreement was clearly within the tenth section of the statute of frauds, providing that "no broker or real estate agent selling or exchanging land for or on account of the owner shall be entitled to any commission for the same, or exchange any real estate unless the authority for selling or exchanging such land is in writing, signed by the owner or his authorized agent, and the rate of commission on the dollar shall have been stated in such authority." *Gen. Stat., p.* 1604.

The plaintiff, however, claims to recover on a *quantum meruit.* This is a mere attempt in this case to evade the statute. The state of the case, as settled by the judge, is that no item of work done and service rendered was supplied on a specific order of the defendant, yet the defendant knew that the plaintiff was endeavoring to carry out the contract alleged.

This subject received very full consideration in the Court of Errors and Appeals in the case of *Stout* v. *Humphrey,* 40 *Vroom* 436, where the court held that the statute is aimed at any person who acts as broker or real estate agent in the very transaction out of which the claim to compensation arises, and in the absence of a written contract for the sale or exchange of real estate there is an absence of right to com-

pensation for services, and when there is no written contract a subsequent express promise to pay is without consideration and void under the statute of frauds.

The judgment below will be affirmed.