CHARLES A. NELSON, APPELLEE, V. ORLANDO W. WEBSTER ET AL., APPELLANTS.

FILED JANUARY 9, 1909.  No. 15,438.

Brokers: VOID CONTRACT: QUANTUM MERUIT. Where a contract for the sale of real estate between the owner thereof and a broker employed to sell the same is void bcause not in writing, as required by section 10856, Ann. St. 1907, the broker cannot recover on a *quantum meruit* for services rendered in accordance with such contract, nor for the value of his time expended in that behalf. *Barney v. Lasbury*, 76 Neb. 701, followed.

APPEAL from the district court for Lancaster county: ALBERT J. CORNISH, JUDGE. *Affirmed.*

*Tibbets & Anderson,* for appellants.

*Burkett, Wilson & Brown, contra.*

FAWCETT, J.

In 1904 plaintiff, who was the owner of the real estate known as 1010-1012 P street, in the city of Lincoln, requested defendants to find him a purchaser therefor. No agreement as to compensation or commission was made at the time, nor was any written contract ever entered into between plaintiff and defendants with respect to said employment. During the succeeding winter defendants were active in their efforts to secure a purchaser, and on April 19, 1905, succeeded in making a sale of the property for $17,000, a price satisfactory to plaintiff. At the time of making the sale the purchaser gave defendants a check payable to their order for $500, which check was shown

to plaintiff, but was retained by defendants, pending the final consummation of the deal. Defendants thereupon ordered an abstract of title, for which they paid $8.50. They also assisted plaintiff in inducing a tenant, who was occupying the upper portion of said buildings, to vacate. They also took to themselves a $3,000 mortgage outstanding against the property, in order to avoid any hitch in the consummation of the sale. On June 1 the sale was finally consummated, and the purchaser gave defendants another check payable to their order for $16,500, being the balance of the purchase price. Defendants reimbursed themselves for the $3,000 represented by the mortgage, and paid over the balance of the large check to plaintiff. Plaintiff then asked them to turn over to him the $500 check, stating that he would give them his check for the amount of their commission, which he claimed they had agreed should be 1 per cent., or $170. To this defendants objected, claiming that the contract was that, if the property sold for $17,000, they were to receive the customary commission paid real estate agents in the city of Lincoln, viz., 5 per cent. on the first $1,000, and $2\frac{1}{2}$ per cent. on all in excess thereof, which in the present case would amount to $450. Shortly thereafter defendants met plaintiff and his attorney in the office of plaintiff's attorney, and tendered them $50 in gold, stating that it was "their money." Plaintiff, by the advice of his attorney, accepted the $50. Plaintiff and his attorney both testified that, when they accepted the $50, it was expressly understood that the acceptance of the same should not in any manner affect the rights of either party as to the $450 in controversy. The testimony of defendants is to the effect that no such an understanding was had. Defendants still refusing to pay over the remaining $450, this action was brought to recover the same. In the course of the trial, plaintiff's attorney made the following statement: "The plaintiff, without waiving any legal defenses that he may have, now offers to concede to the defendants that they may retain out of the $450 in controversy $170 for services in the sale of

the plaintiff's property, and $8.50 by them claimed to have been paid for the extension of the abstract, and plaintiff now offers to take in full satisfaction of the claim set forth in his petition a judgment for the sum of $271.50, with 7 per cent. interest thereon from the time of the commencement of this action, to wit, July 15, 1905." When both parties had rested, the court directed a verdict in favor of plaintiff for the said sum of $271.50, with interest, amounting to $303.16. From a judgment on the verdict so rendered, defendants prosecute this appeal. In their answer, as a second defense, defendants set out a counterclaim for services rendered in the sum of $450, but in their testimony on the trial they admit that the services set out in their counterclaim are the same services which they set out in the first paragraph of their answer as a defense to plaintiff's action.

That defendants rendered plaintiff valuable services, for which they were morally entitled to be well paid, is beyond controversy, but there is no escape from the conclusion that this case falls squarely within section 10856, Ann. St. 1907, which provides: "Every contract for the sale of lands, between the owner thereof and any broker or agent employed to sell the same, shall be void, unless the contract is in writing and subscribed by the owner of the land and the broker or agent, and such contract shall describe the land to be sold, and set forth the compensation to be allowed by the owner in case of sale by the broker or agent." This section of the statute is set out and the authorities fully reviewed in *Barney v. Lasbury*, 76 Neb. 701. The syllabus in that case reads: "Where a contract for the sale of real estate between the owner thereof and a broker employed to sell the same is void because not in writing, as required by section 74, ch. 73, Comp. St. 1905, the broker cannot recover on a *quantum meruit* for services rendered in accordance with such contract, nor for the value of his time expended in that behalf." Our holding in that case is decisive of the case at bar.

The judgment of the district court is therefore

AFFIRMED.