[Civ. No. 1211. Second Appellate District.—December 19, 1912.]

## WALTER HOLLAND, Appellant, v. H. L. FLASH, Respondent.

BROKER'S COMMISSIONS—EXCHANGE OF LAND—AUTHORITY LIMITED—ABSENCE OF GENERAL AUTHORITY — SUBSEQUENT UNAUTHORIZED EXCHANGE—REASONABLE VALUE NOT RECOVERABLE.—Where a written memorandum authorized a broker to effect a specified exchange of land with a particular person, upon a specified commission, if such exchange was effected, and if not, such memorandum should be void, and such sale was not effected, and there was no general authority to pay any commissions, there can be no recovery of the reasonable value of services finally rendered by the broker in effecting an exchange with another particular person, for which exchange no written authority was given.

ID.—GENERAL AUTHORITY TO NEGOTIATE A LOAN UPON DEFENDANT'S PROPERTY NOT EFFECTED, NOT CONSTRUABLE AS GENERAL AUTHORITY TO NEGOTIATE PROPERTY.—A general authority given to brokers to negotiate a loan upon defendant's property at a specified rate of interest, which was not successfully negotiated, cannot be construed as a general authority to negotiate a sale or exchange of the property.

APPEAL from a judgment of the Superior Court of Los Angeles County. Eugene P. McDaniel, Judge presiding.

The facts are stated in the opinion of the court.

Ray Howard, for Appellant.

Lynden Bowring, Frank C. Hill, and Geo. S. Hupp, for Respondent.

ALLEN, P. J.—Plaintiff by his complaint sought to state two causes of action: First, that defendant listed, by a written contract or memorandum subscribed by defendant, his property with plaintiff's assignors, who were real estate brokers, and agreed to pay plaintiff's assignors for their services in negotiating a sale thereof the sum of nine hundred dollars, alleging that pursuant thereto they did procure such customer and did negotiate a sale and exchange of the property in pursuance of said employment. Nonpayment was alleged, and the assignment of the cause of action to plaintiff. The second cause of action in substance declares upon the same written employment and listing of the property, but alleges an agreement thereby to pay the reasonable value of their services, which reasonable value is alleged to be nine hundred dollars. The assignment of this cause of action is also alleged and the nonpayment. The complaint was verified, as was the answer, in which it was denied that there was any listing of the property with plaintiff's assignors; denied that any written contract, note, or memorandum was subscribed by defendant for such listing, or for any other purpose or at all; denied that they procured a customer; denied any agreement to pay, as in the complaint alleged, and generally denied each and all of the allegations of the second cause of action.

Upon the trial of the cause a judgment of nonsuit was entered, from which judgment plaintiff appeals upon a bill of exceptions. This bill of exceptions discloses that the only memorandum or instrument in writing executed between the parties was one which, in so far as material in determining the questions here involved, was in these words:

"Whereas, I, H. L. Flash, . . . am the owner of that certain apartment house known as the St. Lelia Apartments, . . . desire to dispose of said property and have listed the same for sale or exchange with N. M. Entler; and

"Whereas, said N. M. Entler has by his efforts succeeded in obtaining an offer in writing from Dr. H. A. Atwood . . . to exchange certain land situate in said Riverside County for my above described property, provided that the mortgage of $17,000 now about due can be refunded by me with a new loan of the same amount, to wit: $17,000, for a term of three years, or thereabouts, at 7% per annum net; . . .

"Now, therefore, it is hereby understood and agreed between said H. L. Flash and said N. M. Entler that if said above mentioned exchange is consummated, that said H. L. Flash will pay to said N. M. Entler the sum of $1500, said sum to constitute full compensation for all services rendered by said Entler to said H. L. Flash, and to include all expenditures for assistance of other agents and brokers in negotiating and obtaining said loan. . . .

"2nd. That if for any reason the exchange above referred to is not consummated, then and in that case the above commission agreement shall be null and void; but if the loan of $17,000 is actually negotiated or obtained by or through said N. M. Entler, said H. L. Flash will pay to said N. M. Entler the sum of $510; . . .

"In witness whereof," etc.

The bill of exceptions further discloses that there was no deal or exchange consummated between defendant and said Atwood, and none was procured by plaintiff's assignors; nor was any loan of seventeen thousand dollars or any sum effected through the instrumentality of plaintiff's assignors. It is true that defendant and one Levi were negotiating for an exchange of the same property, and that plaintiff's assignors procured Levi to increase his offer theretofore made to defendant in the exchange to the extent of five hundred dollars, and defendant and said Levi consummated an exchange of property, which involved the property described in the contract hereinbefore referred to.

The question thus presented upon this appeal is as to the sufficiency of the contract or memorandum under subdivision 6 of section 1624 of the Civil Code as an agreement authorizing or employing an agent or broker generally to purchase or sell real estate for compensation or a commission. We think it clear from a reading of the memorandum that it was dual in its character. The only listing or agreement upon

the part of defendant for commissions, or authorizing or employing plaintiff's assignors as agents or brokers was to carry out a certain specified exchange with a particular individual upon terms therein set forth, and it was expressly stated that if such exchange with that individual, under the terms specified, was not accomplished, then the commission agreement should be null and void. It was agreed, however, that there was a general employment as brokers to negotiate a loan of seventeen thousand dollars upon defendant's property at a specified rate of interest. There is no pretense, however, that this loan was ever negotiated; hence, nothing was done by plaintiff's assignors under the written memorandum of agreement. We do not construe this agreement as one generally employing or authorizing plaintiff's assignors to act as agents to negotiate or sell this property, or to do any act or thing connected with its negotiation or sale, other than to procure if possible the Atwood exchange upon the terms specified. Failing in that regard, the contract by its terms was at an end, and did not cover or purport to cover any agreement with reference to subsequent deals, sales, or exchanges. Were it even conceded that the exchange with Levi was procured through the agency of plaintiff's assignors, nevertheless, there was no written memorandum or agreement authorizing their employment in that regard, and for such services, under subdivision 6 of the above named section, no recovery could be had. The complaint affirmatively alleges that the listing of the property was under this written agreement, and to this agreement alone must we look, then, to determine what was meant by the term "listing"; and from that we find that it was but an agreement of the limited character hereinbefore stated, and that there was no general listing and no general employment contemplated between the parties, or with reference to which any written memorandum was made. It was incumbent upon plaintiff to show the employment under which the commission or compensation was earned to have been by written agreement or memorandum. This he failed to do. There being no contract of employment in writing, it is clear that plaintiff is not entitled to recover the reasonable value of the services under the second count of his complaint. This question has long been settled by the decisions of our supreme court. (*Jamison* v. *Hyde,* 141 Cal. 113, [74 Pac. 695].)

We see no error of the court in granting the motion for a nonsuit, and the judgment is affirmed.

James, J., and Shaw, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal, on January 18, 1913, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 17, 1913.