SLOCUM *v.* SMITH.

1. BROKERS—COMMISSIONS—FRAUDS, STATUTE OF — CONSTRUCTION.
    An agreement by a real estate broker for commission on
    the purchase of a farm by a customer is within the
    provisions of Act No. 238, Pub. Acts 1913 (3 Comp. Laws
    1915, § 11981 *et seq.*), providing that "every agreement,
    promise, or contract to pay any commission for or upon
    the sale of any interest in real estate," shall be void
    unless in writing, said act applying to a purchase as well
    as to a sale.[1]

2. SAME—QUANTUM MERUIT.
    A judgment for plaintiff upon the *quantum meruit* for
    services actually performed cannot be sustained, being
    opposed to the rule followed in *Paul* v. *Graham*, 193
    Mich. 447 (160 N. W. 616).

Error to Wayne; Lamb, J., presiding. Submitted
January 9, 1917. (Docket No. 62.) Decided March
29, 1917.

Assumpsit by James Slocum against George W.
Smith for broker's commissions. Judgment for plain-
tiff. Defendant brings error. Reversed.

*Campbell & Dewey,* for appellant.

*Stellwagen & Mackay* and *Daniel E. Wade,* for ap-
pellee.

BIRD, J. The plaintiff is a real estate broker who
deals exclusively in farm lands. He claims that in
February, 1915, he purchased a farm known as the
Rood farm near Romeo, consisting of 276 acres, for

[1]On the necessity of securing written contract from purchaser
to entitle real estate broker to commission, see notes in 44 L.
R. A. 605; 46 L. R. A. (N. S.) 129.
    As to the necessity that agent's authority to purchase or sell
real property be in writing, to enable him to recover compen-
sation for his services, see note in 9 L. R. A. (N. S.) 933.

defendant, at his request, but that after he had arranged the terms of the purchase and the purchase had been consummated, defendant refused to pay him his commission. Defendant denies that plaintiff acted for him, and takes the position that he supposed plaintiff was representing Mr. Rood, the vendor. Being unable to adjust their differences, plaintiff brought this suit, and recovered a judgment of $250.

1. Defendant insists that even if there were such an agreement as plaintiff claims, it is of no force because it was oral and within the prohibition of Act No. 238, Pub. Acts 1913 (3 Comp. Laws 1915, § 11981), which makes such agreements void unless in writing. Plaintiff meets this point by asserting that the agreement is not within the statute because it was an agreement *to purchase* real estate, and not one *to sell* real estate. The amendment of the statute of frauds referred to reads:

"SEC. 2. In the following cases specified in this section, every agreement, contract and promise shall be void, unless such agreement, contract or promise, or some note or memorandum thereof be in writing and signed by the party to be charged therewith, or by some person by him thereunto lawfully authorized, that is to say:  *  *  *  5. Every agreement, promise or contract to pay any commission for or upon the sale of any interest in real estate."

We think plaintiff's construction of the statute is much too narrow. While it is true, as counsel say, that a purchase is not a sale nor a sale a purchase, it is equally true that there cannot be a purchase without a sale, nor a sale without a purchase. The history of the reasons leading up to this legislation is persuasive that the law was intended to apply to an agreement for a purchase as well as a sale because one is a necessary complement of the other. Both are clearly within the mischief which was intended to be remedied by the legislature, and we think a reasonable and

liberal construction of the statute will make it apply to an agreement for a purchase as well as to a sale of real estate.

2. But it is contended that if we should so hold, the judgment ought not to be disturbed because a recovery was had upon the *quantum meruit* for services actually performed, and upon proof of their value. This contention is in accordance with the rule heretofore followed by this court until the case of *Paul* v. *Graham,* 193 Mich. 447 (160 N. W. 616). A different rule was therein announced in construing this amendment to the statute of frauds, and one which is opposed to counsel's contention. The judgment must be reversed, with costs to the defendant.

KUHN, C. J., and STONE, OSTRANDER, MOORE, STEERE, BROOKE, and FELLOWS, JJ., concurred.