183 P.2d 847

**MITCHELL v. ALLISON.**

No. 4974.

Supreme Court of New Mexico.

July 17, 1947.

O. O. Askren, of Roswell, for appellant.

E. E. Young, of Roswell, for appellee.

COMPTON, Justice.

Appellant Joe Mitchell sought to recover damages from appellee Claude Allison, for breach of an oral contract, wherein appellant employed appellee, a real estate broker to purchase a certain tract of land for appellant. Upon motion the trial court dismissed the complaint, in which the following was charged as ground for the recovery of damages:

"That during the month of June, 1945, the plaintiff desired to purchase the North Half of Sec. 13, Township 14 South, Range 25 East, in Chaves County, New Mexico, and

during said time was approached by defendant Allison with reference to buying said property from one A. H. Konigmacher of Fresno, California, and at said time the defendant advised the plaintiff that he thought he could buy said land for $3 per acre, and after further conference defendant offered to act for plaintiff and secure a deed for said land free of encumbrance, for the plaintiff for $3 per acre, from the said Konigmacher; and at said time the plaintiff accepted the offer of the services of the defendant and authorized the defendant to negotiate with the owner of said land and procure a deed from said owner to plaintiff.

"The defendant, as a broker for the plaintiff, disregarded his duties to the plaintiff and ultimately negotiated a deal with the said Konigmacher and placed in the name of one Sherman; and, on information and belief, this was done by the defendant for the purpose of fraudulently retaining the mineral rights in said land."

By bill of particulars appellant stated that the contract was oral and that appellant agreed to compensate the appellee for his services as purchasing agent with payment of the customary commission therefor.

As we construe the alleged contract, the appellant verbally employed the appellee to buy the described land from the owner for him at a price of $3 per acre; the deed to be made direct to appellant and the consideration to be paid by appellant to the owner.

The trial court was of the opinion that the contract was void in that it was within the statute of frauds, and that it necessarily followed that no recovery of damages was authorized.

■■■ Whether the trial court erred in dismissing the complaint upon the ground stated is the question to be answered.

Sec. 4 of the English statute of frauds reads as follows: "No action shall be brought whereby to charge any person * * * upon any contract or sale of lands, tenements or hereditaments, or any interest in or concerning them * * * unless the agreement upon which such action shall be brought, or some memorandum or note thereof shall be in writing, and signed by the party to be charged therewith or some other person thereunto by him lawfully authorized."

There is a conflict of authority as to whether an agent verbally employed to buy specific real estate, who purchases it for himself or a third person with the agent's own funds, may be compelled to deliver title to his principal or respond in damages for his breach of the agreement. The authorities are collected in annotations in 42 A.L.R. 10; 54 A.L.R. 1195, and 135 A.L.R. 232.

While courts are divided on the question; the weight of authority, and the trend

of recent decisions, are to the effect that such agreements are not within the statute of frauds. This is the conclusion of such outstanding authorities as Williston, Pomeroy, Scott and the Restatement. We quote from leading texts, as follows:

" * * * The modern current of authority appears to be to the effect that if an agent be employed to negotiate the purchase of land for his principal, and violates the principal's confidence by purchasing the land with his own money and taking a deed therefor to himself, he becomes a constructive trustee for the principal's benefit, upon payment of the purchase price. This is the rule adopted by the American Law Institute. 'The agency may be established by a written contract or a verbal contract, or no contract whatever, the assumption of confidence involving a purely gratuitous service, for which the agent is to receive no compensation in any form.' " Pom.Eq.Juris. (4th Ed.) Sec. 1056-b.

"(2) A person who agrees with another to purchase property on behalf of the other and purchases the property for himself individually holds it upon a constructive trust for the other, even though he is not under a duty to purchase the property for the other.

"Comment on Subsection 2:

" * * * Where one person orally undertakes to purchase land on behalf of another, it may be urged that the other cannot enforce a constructive trust because the undertaking is oral and there is no compliance with the provisions of the Statute of Frauds. The answer to this objection is that the other is not enforcing an oral contract, but is enforcing a constructive trust based upon the violation of a fiduciary duty. The undertaking to act for the other is sufficient to constitute the relation of principal and agent between them. * * *

"The rule is applicable not only where a person is employed professionally to purchase the property for the employer, as in the case of a real estate broker, but also where a person gratuitously agrees to purchase the property on behalf of another." Restatement Law of Restitution, Sub-Sec. 2, Sec. 194.

"Even though there was no pre-existing fiduciary relation, and even though the defendant was not employed professionally by the complainant, and even though no continuing fiduciary relation was contemplated, yet if the defendant undertakes with the complainant to purchase property for him, and purchases the property for himself, he can be charged as constructive trustee of the property. Although the oral undertaking is not enforceable as a contract, because of lack of consideration or because the property is an interest in land, yet a fiduciary relation was created and the fiduciary will not be permitted to profit through a breach of his duty as fiduciary

* * *. Accordingly, it is held that a person who undertakes to purchase land for another and who purchases it for himself is chargeable as constructive trustee of the property, even though the undertaking is gratuitous and oral." 3 Scott on Trusts, Sec. 499.

"* * * There is substantial support for the view that the breach of agreement and of the agency involved in the agreement is no more than a breach of contract, and that it does not give rise to a constructive trust; according to the theory of the courts adopting this rule, to recognize such a constructive trust would virtually abrogate the statute of frauds. The majority rule is, however, that the breach of contract is a breach of confidence by the agent and gives rise to a constructive trust, the proof of which is not within the statute of frauds or the parol evidence rule, and it has been held to be immaterial that there was no consideration for the agreement of agency, where the agency is entered upon and the purchase made." 54 A. J. "Trusts" Sec. 237.

Also see Browne's Statute of Frauds, Sec. 96.

It seems that the modern English cases are in accord with these texts. "Bartlett v. Pickersgill, the leading early English case on this point, was decided in 1760, and the doctrine announced therein appears to have continued to be the law in England till 1829, when it was repudiated in Lees v. Nuttall, 1 Russ. & Myl.Ch. 53 [39 Eng. Reprint, 21], where it was held that if an agent employed to purchase an estate becomes the purchaser for himself, he is to be considered as a trustee for his principal. Lees v. Nuttall was affirmed in 2 Myl. & K.Ch. 819 [39 Eng.Reprint, 1157], where the agency was created wholly by parol. Supporting this view in Heard v. Pilley, 4 Ch.App.L.R. 548, text 552, another English case in which the agent was appointed by parol, the Lord Chancellor in part said: 'I cannot at all accede to the argument urged in reply, that under these circumstances, when the agent goes to his principal and says, "I will go and buy an estate for you," it is not a fraudulent act on his part afterward to buy the estate for himself and to deny the agency. I think that would be an attempt to make the statute of frauds an instrument of fraud.'" Quinn v. Phipps, 93 Fla. 805, 113 So. 419, 423, 54 A.L.R. 1173, 1181.

The theory of the rule we follow is that such agreements create a relation of trust and confidence to which the statute of frauds does not apply.

The cases on the question, pro and con, are so numerous (see Annotations in A.L. R. cited) that we content ourselves with citing the following which support the rule adopted: Harrop v. Cole, 85 N.J.Eq. 32, 95 A. 378, affirmed in 86 N.J.Eq. 250, 98 A. 1085; Quinn v. Phipps, 93 Fla. 805, 113

So. 419, 54 A.L.R. 1173; Lamb v. Sandall, 135 Neb. 300, 281 N.W. 37.

█ It is asserted that the agreement in question was not supported by a consideration.

But it is the assumption by the agent of the undertaking to purchase, and the confidence necessarily reposed in him by the principal, who accepts the agent's offer to act, instead of acting himself, that is the basis of the agent's liability. Rice v. First Nat. Bank, 50 N.M. 99, 171 P.2d 318; Wright v. Smith, 23 N.J.Eq. 106; 3 Pomeroy's Eq.Jur. (4th Ed.) Sec. 1056; Restate. Law·of Restitution, Subsection 2 of Sec. 194; 3 Scott on Trusts, Sec. 499. "The agency may be established by a written contract or a verbal contract, or no contract whatever, the assumption and confidence involving a purely gratuitous service, for which the agent is to receive no compensation in any form," Harrop v. Cole, supra [85 N.J.Eq. 32, 95 A. 379].

The judgment is reversed and cause remanded with instructions to the district court to set aside its judgment, overrule the motion to dismiss, and proceed not inconsistent herewith.

It is so ordered.

BRICE, C. J., and LUJAN and SADLER, JJ., concur.

McGHEE, J., having tried the case below did not participate.