## WATSON, ET AL., *v.* BROOKS, ET AL.

SALE OF REAL ESTATE—COMMISSIONERS—TIME WHEN ESSENCE OF CONTRACT.— The respondents authorized the appellants in writing to sell certain real and personal property for them at a given price and within a specified time. On the last day of such time, the appellants produced as a purchaser one who professed to be able to pay the price agreed upon, and willing to do so if the respondents would allow him a reasonable time to examine the title to the property. This the respondents refused, but tendered him a deed for the property, which he refused to accept, for want of an opportunity to make such examination; *Held*, that the appellants were not entitled to the stipulated commissions; that time was of the essence of the contract for the sale; that a reasonable time for the examination of title could not be implied where the limit for acceptance was definitely fixed by the terms of the offer; that to entitle them to commissions the appellants should have produced a purchaser both able and willing to consummate the purchase within the stipulated time.

APPEAL from Multnomah County.

*Effinger & Bourne*, for appellant.

*Williams, Hill & Thompson*, and *P. L. Willis*, for respondents.

By the Court, WATSON, C. J.:

A brief statement of the facts, without reference to the pleadings, will sufficiently disclose the important question to be passed upon by this court.

On July 27, 1881, the respondents, Brooks and Dekum, duly authorized the appellants, W. P. Watson and son, real

estate agents, to sell certain personal and real property situated at The Dalles, for not less than forty-seven thousand five hundred dollars net cash to them, the said agents to have as commissions all beyond said sum. The time given was until August 25, 1881. This authority and the extension of time are both in writing.

The other appellant, Clark, claims by assignment from W. P. Watson & Son.

On the last day given by extension, the appellants produced one Henry D. Green as a purchaser of the property, upon the terms as to price specified in such written authority, at Portland, Oregon. Green professed to be both able to pay the price agreed upon—fifty thousand dollars—and willing to do so if the respondents would allow him a reasonable time to examine the title to the property upon the county records of Wasco county, at The Dalles, so that he might be advised as to whether the respondents could convey a perfect title thereto. This the respondents refused to accede to, but tendered him a deed for the property, which he refused to accept for want of an opportunity to make such an examination, without the allowance of the additional time asked for, for the purpose.

No question is made here as to the sufficiency of the respondents' title at that time.

Upon this state of the facts, which are taken as true for the purposes of a decision in the case, did the appellants become entitled to the stipulated commission? It seems plain to us that they did not. Granting that their contract only bound them to find a purchaser both able and willing to take the property and pay for it, and present him to the respondents within the time specified, did they perform such obligation on their part? They certainly did not. Their alleged purchaser, Green, was not willing to become bound

finally as a purchaser within the time, and actually refused to so bind himself.

He entered into no contract with the respondents, and made no offer to do so. Time, it seems to us, was the very essence of the engagement between the parties.

A reasonable time for the examination of the title to property offered for sale cannot be impiled in a case like the present, where the limit for acceptance is definitely fixed and settled by the terms of the offer itself. The appellants were bound to have produced a purchaser not only able but willing to consummate the purchase, within the stipulated time, to meet their own obligation and entitle themselves to the commission.

It was for them to furnish the party desiring to make the purchase, such opportunity for examining the title as he might require within the time allowed to them by the owners for effecting a sale. Neither they nor the party desiring to purchase could claim a further extension of time for the purpose as a matter of legal right. The facts in the case show that they did not perform their part of the agreement with the respondents, and that there was no waiver on the part of the latter of their right to a strict and literal performance.

If the position which the appellants are compelled to take to sustain their action be tenable, then every proposition to sell real property by a specified day may be kept open against the will of the party making it after the day has passed, for an indefinite period, to enable parties desiring to purchase to examine the title and finally determine whether to purchase or not, and without being under any legal obligations to do so, no matter what the result of such examination may be.

The law decisive of the point, and with it the entire case, must be regarded strictly elementary.

The appellants never performed their agreement at all, and the respondents have nowhere waived their right to such performance, nor prevented the appellants from fully complying with their engagement.

It would be idle to consider whether there could be any legal claim for commissions under such circumstances.

The judgment of the circuit court is clearly right, and should be affirmed.

Judgment affirmed.

WALDO, J., did not sit in this case.