BELA HUBBARD AND JOHN E. KING V. ALICE EPWORTH
AND HERBERT T. EPWORTH.

*Land contract—Forfeiture—Damages.*

1. It may not be easy to say what damages can be recovered on a
   land contract terminated by forfeiture, but it is very certain that
   the vendee has no concern with the compensation paid by the
   vendor to his own agents for negotiating the sale.

2. A notice by the vendor in a land contract of his estimated dama-
   ges on a forfeiture by the vendee, given pursuant to the contract
   to enable the vendee to determine whether the items of the claim
   are just and ought to be acquiesced in, and which was to stand as
   the acknowledged obligation of the vendee, unless objected to,
   should specify such items, which (in the absence of other terms
   in the contract) would be limited to such as could be recovered
   by suit; and said claim, as presented in this case, is shown to
   include illegal charges, and cannot be recovered upon.

Error to Wayne. (Jennison, J.) Argued February 3,
1888. Decided March 2, 1888.

*Assumpsit.* Defendants bring error. Reversed. The facts
are stated in the opinion.

*Stewart & Galloway,* for appellants.

*H. E. Spalding,* for plaintiffs.

CAMPBELL, J. Plaintiffs recovered, as liquidated dama-
ges from defendants for breach of a contract of sale of lands,
the sum of $92. Errors are assigned on the admission and
rejection of testimony, as well as on the charge of the court
directing the verdict.

On August 5, 1886, plaintiffs agreed to sell to defendants,
certain property in Detroit for $2,000 and interest, of which
$25 was paid down, and the balance was due in twelve years;

sums of at least $20 to be paid in each and every month, commencing September 10, 1886, and the interest payable quarter-yearly, to be included or not in the monthly payments, as might be determined. Other conditions need not be mentioned. In case of default in monthly payments, the contract might be declared forfeited, and notice thereof served by mail through the Detroit-post-office, on which the purchasers should at once yield possession, and while remaining be treated as tenants at will liable to be proceeded against without notice to quit.

The provision directly involved here is to the effect that the purchasers, against whom the contract is terminated for default, shall pay all damages arising from such default. The vendor was to notify the vendee in writing, of the sum necessary to compensate him for the loss sustained, and the sum so named—

"Shall stand as the acknowledged obligation of said second party to said first party, and may be retained out of any moneys that may have been paid on this contract, and the balance, if any, may be collected by the usual process of law. If, however, said second party shall, within ten days from the mailing of said notice, object, in writing, to said first party to the sum named therein, and shall at the same time produce a disinterested person to act as one of three arbitrators in the matter, then the amount of such loss shall be determined by arbitration in the usual manner."

A payment of $14 was paid in September. On the first of November an offer was made to pay $20 for October, but plaintiffs refused to accept it unless the September payment was made up. And thereupon, on the twenty-third of November, notice of forfeiture was served. The court below refused to allow defendants to prove that they had been put out by summary complaint. On the fifth day of January, 1887, plaintiffs notified defendants in writing that the amount claimed for damages on default, over and above the amount paid on the contract, was $92. Defendants paid no attention

to this notice, and suit was brought to recover it. The chief error assigned is that the court directed a verdict for this precise sum as notified.

Upon the trial the plaintiffs' testimony failed to show out of what items the damages were made up; but, so far as shown, it included damages for use and occupation, and commissions paid for negotiating the sale. The $92 was only so much as remained after applying what had been paid, amounting to $39.

This contract differs from anything we have found in the books upon the subject of damages. It differs from stipulated damages, because no sum is fixed by the contract, or by any process of calculation provided by the contract. No arbitration was had, and nothing has been fixed in that way. Practically, the contract requires, as an alternative, the payment of some amount arbitrarily fixed by the vendors, or submission to arbitration within ten days.

We are not prepared to say such a contract can be enforced according to its terms. There may be an action for failure to arbitrate, perhaps, but the damages could, in such case, only be fixed on the trial. It has always been held contrary to public policy to allow damages to be otherwise liquidated, unless where the real damages cannot be readily ascertained; and it is certainly a novel idea that parties may fix their own damages, either absolutely or contingently. But this record does not require us to settle that question.

We cannot suppose that this contract meant any more than that on default plaintiffs might estimate their damages, and give defendants an account of them in such a way that they could determine for themselves whether the items were just and ought to be acquiesced in. The only items (in the absence of other terms in the contract) which could be included in such an estimate, should be such as could be recovered by suit, and defendants should have a chance to separate the good from the bad. In the present case we do

not know how much of the total of $131 was intended for rent or damage, and how much for commissions. The rent for property only valued at $2,000 could hardly absorb so much for the period between the date and the termination of the contract. The notice was not served, as it should have been, within a brief period after the default, and the contract does not contemplate that any damages shall be fixed by plaintiffs except those created by the default, which is made the basis of terminating it. Had these items been set out, there would have been no difficulty in ascertaining what were admissible, and what not.

It may not be easy to say what damages can be recovered on a contract terminated by forfeiture; but it is very certain that defendants have no concern with the compensation paid by plaintiffs to their own agents for negotiating the sale. The price they were to pay was fixed. If plaintiffs can sell the property now so as entirely to recoup the loss, the damage would not be substantial. But the loss, whatever it is, if not confined to rent, must be dependent more or less on the loss of what defendants should have paid; and they had nothing to do with anything more than this.

The claim presented to defendants was not in such a shape as to give them the means of determining its propriety in whole or in part, and they could not be held in the wrong for disregarding it. It is shown to include illegal charges, and cannot be recovered on, and the judgment was wrong.

The judgment must be reversed, and a new trial granted.

The other Justices concurred.