(3 Misc. Rep. 408.)

STEERS et al. v. LAIRD.

(Superior Court of New York City, General Term. May 1, 1893.

VENDOR AND PURCHASER—REFUSAL TO ACCEPT TITLE—DAMAGES.
    Commissions paid to a broker by a vendor for procuring a purchaser of land cannot be recovered by the vendor from the purchaser as damages for failure of the purchaser to complete his contract.

Appeal from jury term.

Action by Henry Steers and another against James H. Laird to recover the sum of $359 and interest as damages for the failure of defendant to complete a contract for the purchase of certain real estate owned by plaintiffs. From a judgment dismissing the complaint, plaintiffs appeal. Affirmed.

Argued before SEDGWICK, C. J., and FREEDMAN and McADAM, JJ.

John Frankenheimer, for appellants.
James P. Campbell, for respondent.

SEDGWICK, C. J. The action was brought to recover the sum of $359 and interest from January 27, 1891, as damages for the failure of the defendant to complete his contract for the purchase of premises No. 309 West Forty-Third street, New York, sold to him by plaintiffs. The plaintiffs were the owners of the house, and engaged a broker to sell the same for them, and agreed to pay him, in the event of his procuring a buyer, the usual brokerage, of 1 per cent.; and this was well known to the defendant before the agreement afterwards made was entered into. An informal agreement was made, that was to be followed, on a day fixed in the informal agreement, by the making of a formal contract. At the time and place agreed upon the plaintiffs attended, ready and willing, etc., but the defendant "failed to attend, and refused to take the property, or perform the agreement on his part. That the plaintiffs have always been willing to perform on their part." The complaint alleges that upon the making of the contract the brokerage, in the amount of $359, became due from the plaintiffs, and the plaintiffs

were obliged to, and necessarily did, pay the broker. The complaint charges that, through the wrongful failure of the defendant to perform said agreement on his part, the plaintiffs have been damaged in the amount so paid to the broker,—$359.

I do not see in this commission any matter which is attached to the contract, or anything more than the plaintiff's disbursements in their business, which they use to be successful. They spent the money to secure a profitable contract. Their want of profit would not change the principal, yet, as matter of fact, the performance of the contract is desired by them. The plaintiffs claim that the commission became a part of the damages from the defendant not performing the contract. In general, I do not see a connection between the paying of the commission and the breach of the contract, of any other kind than would exist between the latter and the expenditure of any other money or effort to procure the contract. As soon as the contract is made the plaintiff becomes possessed of the thing out of which he expects to reimburse himself for his expenditures, and to make his profits. He does not expect, in fact, to be a loser; and if it occur he cannot expect to have his losses made good that came from voluntarily paying money for his own benefit, in the shape of a commission, which had nothing to do with the obligation of the contract, and from which the defendant received nothing. It is not correct to consider that the plaintiff, in a legal sense, has not the value of the contract, as it was. His contract has the value of an action for damages, and for specific performance. It is not to be said that he thought he would get the land without difficulty. He knew that all he got was a contract. I am of opinion that the plaintiffs' payment of the commission was a disbursement of their business, and that it was used to procure a contract, of which they are, and have been, in full possession; that the payment was solely personal to the plaintiffs, and not within, and not touching, the contract relations of the parties. It could not have been claimed if the contract had been performed, and the nonperformance does not give a right to it. For this reason I think the judgment should be affirmed. I regret that I am not able to follow the case of Hening v. Punnett, 4 Daly, 543. I do not express an opinion as to whether the arrangement that was made was void by the statute of frauds. Judgment affirmed, with costs.

FREEDMAN, J. I concur in the conclusions reached by the learned chief judge, but desire to add that, if it were necessary to go further, I should hold that upon the facts, as they appear, the commission paid was not earned by the broker, for the reason that the broker never procured such a complete meeting of the minds of both vendors and vendee, evidenced by contract enforceable against the vendee, as he was bound to procure, within the principle of the decision rendered in Bennett v. Egan, 23 N. Y. Supp. 154, (during the present term of court.)

McADAM, J., concurs.