Argued February 16, decided March 14, 1911.

### HARDY *v.* SHEEDY.

[113 Pac. 1133.]

BROKERS—COMPENSATION—SERVICES—SUFFICIENCY.

On the last day of a broker's authority to sell land, he notified the owner that he had sold it, naming the purchaser, at the price set, and requested the owner to have the abstract brought down to date, so as to show clear title and to give the purchaser time to have it examined. *Held* not sufficient to earn a commission, he having neither obtained a binding contract with the purchaser, nor produced him to the owner, within the time allowed; the notice being merely an offer to produce a purchaser, if the owner would extend the time.

From Multnomah:   JOHN B. CLELAND, Judge.

Statement by MR. CHIEF JUSTICE EAKIN.

This is an action by Anthony Hardy against Annie Sheedy and John Sheedy.   The facts as disclosed at the trial are in substance as follows:

On May 11, 1908, defendants for a consideration entered into a contract with plaintiff, giving him the exclusive authority for 90 days to sell for them 300 acres of land at $30,000, and in case of a sale by plaintiff he should have a commission of $1,500; the contract to continue after the 90 days until five days' notice of withdrawal.   On August 12, 1908, defendants gave notice, in writing, of withdrawal of the property from sale.   On August 17th plaintiff delivered to John Sheedy, defendant, for Mrs. Sheedy, at her residence, a notice as follows:

"Dear Madam:   I wish to advise you that I have sold your farm, containing three hundred (300) acres, more or less, to Jas. A. Clock, for thirty thousand dollars

($30,000), as stated in option given me May 11, 1908. Please have abstract brought down to date, so as to show a clear title to said property, and to give said purchaser sufficient time to have abstract examined.

"Anthony Hardy, Linnton, Oregon."

On that day plaintiff had received from Clock $200 deposit until abstract would be gotten out. No other act was done toward consummating the sale within the time limited. Plaintiff thereupon brought this action to recover the $1,500 commission, alleging that he had procured a purchaser ready, able, and willing to buy the property, according to the terms and within the life of the contract.

The answer denied all the allegations of the complaint, except that defendants are husband and wife. At the close of plaintiff's testimony, defendants moved for a nonsuit, which was denied; and at the close of the evidence they moved for a directed verdict, which was denied. A verdict and judgment were rendered for plaintiff. Defendants appeal.          REVERSED.

For appellants there was a brief over the names of *Mr. Milton W. Smith, Mr. John P. Kavanaugh* and *Mr. William C. Benbow* with an oral argument by *Mr. Benbow.*

For respondent there was a brief over the names of *Mr. William T. Muir, Mr. George F. Martin* and *Mr. Roscoe C. Nelson* with an oral argument by *Mr. Martin.*

Opinion by MR. CHIEF JUSTICE EAKIN.

Conceding that, by the terms of the contract, plaintiff had until and including the 17th of August, 1908, to produce a purchaser for the property, the question is: Did he do so? He did not bring the proposed purchaser, Clock, to defendants, or give them an opportunity to close a contract with him. He only gave them notice that he had a purchaser. He had no contract with Clock; nor

did Clock offer to purchase. It is not contended that he was ready to purchase, or to bind himself to do so; but, on the contrary, plaintiff desired an extension of time, to enable Clock to determine whether or not he would purchase. Therefore plaintiff did not produce a purchaser, within the life of the contract, willing to buy.

It seems that defendants were anxious to terminate the contract with plaintiff. Whether they would have declined to perform if plaintiff had brought a purchaser willing to buy is immaterial here. To entitle plaintiff to recover a commission, he must have complied fully .with the terms of the contract by a binding contract with Clock, or by producing to defendants a purchaser ready to purchase. This was not done. The language in *Booth* v. *Moody,* 30 Or. 222, 224 (46 Pac. 884, 885) is:

"The rule unquestionably is that, before a real estate broker can recover his commissions, he must allege and prove either that he was the procuring cause of an actual sale, or that he produced a purchaser ready, able, and willing to purchase upon the terms named by the vendor."

The same language is used in *Holbrook* v. *Investment Co.* 30 Or. 259, 265 (47 Pac. 920), also in *Kyle* v. *Rippey,* 20 Or. 446 (26 Pac. 308).

The indentical question involved here was decided in *Watson* v. *Brooks,* 11 Or. 271, 273, in which it was held that time was of the essence of the contract, and that a reasonable time after the expiration of the contract for the examination of the title could not be implied, it is said:

"The appellants were bound to have produced a purchaser not only able, but willing, to consummate the purchase, within the stipulated time."

To the same effect are 19 Cyc. 254; *Castner* v. *Richardson,* 18 Colo. 496 (33 Pac. 163) ; and note to *Lunney* v.

*Healey,* 44 L. R. A. 608. And in *York* v. *Nash,* 42 Or. 32, 330 (71 Pac. 59) it is said:

"That a real estate broker finds a purchaser able, ready, and willing to purchase upon the terms of the seller is not enough, under the apparent weight of authority, to entitle him to his commission; but he must either obtain a binding agreement to purchase the property, or bring the parties together so that his principal also finds a purchaser."

The plaintiff in this case did neither; at most, the letter was an offer to produce a purchaser if defendants would extend the time of the contract. The purchaser must have accepted the terms of the offer within the life of the contract: *Davis* v. *Brigham,* 56 Or. 41 (107 Pac. 961). Therefore the nonsuit should have been allowed.

The judgment is reversed, and the cause remanded.

REVERSED.