Argued December 10, 1915, reversed January 11, rehearing denied
February 15, 1916.

# LUEDDEMANN v. RUDOLF.*

(154 Pac. 116; 155 Pac. 172.)

**Brokers—Necessity of Acceptance of Offer to Sell or Exchange.**

1. A firm of real estate brokers received a letter from defendant
in answer to their advertisement in a local paper, offering to sell or
exchange certain land at a stated price and at a fixed sum as com-
mission, and in their reply informed the defendant that the owner
of the places they advertised could not consider his offer, giving rea-
sons therefor, and then made a counter proposition, to which no re-
sponse was made, therefore no contract of employment of the brokers
by the defendant resulted.

**Brokers—Contract of Employment must be in Writing.**

2. Under Section 808, subdivision 8, L. O. L., an agreement en-
tered into authorizing or employing an agent or broker to sell or
purchase real estate for compensation or a commission must be in
writing and subscribed by the party to be charged. *Henry* v. *Harker*,
61 Or. 276 (118 Pac. 206, 122 Pac. 298), approved.

## ON PETITION FOR REHEARING.

**Pleading—Sufficiency of Answer—"Except as Hereinafter Stated."**

3. Where defendant files an answer stating, "Except as hereinafter
admitted, stated, or qualified, the defendant denies each and every
allegation within the amended complaint of the plaintiffs contained,"
such answer amounts to a complete traverse, unless the new matter
stated by the defendant makes a case for the plaintiffs.

**Frauds, Statute of—Sufficiency of Pleading.**

4. An allegation in defendant's answer that the only writing be-
tween the parties is a certain letter, a copy of which is attached as
an exhibit, and that the same did not meet the requirements of the
statute of frauds, such statement is an affirmative plea of the statute,
and does not excuse plaintiffs from proving the allegations of their
complaint.

**Brokers—Necessity of Contract in Writing to Recover Commissions.**

5. Without a lawful contract in writing to support the same, a
broker is not entitled to compensation for his efforts to sell a farm,

---

*On the necessity that agent's authority to purchase or sell real
property be in writing to enable him to recover compensation for his
services, see notes in 44 L. R. A. 601; 9 L. R. A. (N. S.) 933.

As to the written authorization of broker or agent to buy or sell
lands as a memorandum of contract of sale sufficient to satisfy the
statute of frauds, see note in L. R. A. 1915C, 400.

The power of the legislature to prohibit the offering of another's
real estate for sale without written authority or to require contracts
for commissions for finding a purchaser for real estate to be in writ-
ing is discussed in notes in 12 L. R. A. (N. S.) 707; 33 L. R. A.
(N. S.) 973.                                            REPORTER.

no matter how valuable his services may have been to the owner, for, in the absence of such writing, he is nothing more than a mere volunteer and not entitled to commissions.

> [As to right of real estate broker to recover commissions under oral contract of employment when statute requires written contract, see note in Ann. Cas. 1915A, 1133.]

**Brokers—Letters Insufficient to Comply With Statute of Frauds.**

6. Letters passing between plaintiff and defendant *held* insufficient to comply with statute of frauds relating to broker's contract for the sale of real property, there being no consideration named in any of the correspondence; consideration being that which induces a party to act or promise, and an acceptance is necessary to support a contract initiated by an offer.

**Brokers—Contract to Pay Commissions must Express a Consideration.**

7. There are three requisites necessary to support an agreement to pay commission to a real estate broker, as applied to this case. They are: A written memorandum of the agreement, a consideration expressed in the writing, and the signature of the defendant, and even if plaintiffs have, by their efforts, procured a purchaser for defendant's land, yet performance does not prove a contract of which the law says a writing shall be the only evidence, and no other shall be received.

**Statutes—Encroachment on Legislative Powers by the Judiciary.**

8. A statute may be drastic and its enforcement even oppressive, yet this will not justify the court to disregard the plain words of the law, and any relief or remedy must be found in a change of the law by the legislature.

From Lane: GEORGE F. SKIPWORTH, Judge.

Department 1.   Statement by MR. JUSTICE BURNETT.

This is an action by Max Lueddemann, Ernest L. Lueddemann and J. B. Ruley, as copartners under the firm name of Lueddemann, Ruley & Co., against William Rudolf to recover $1,000 as broker's commissions claimed to have been earned by the plaintiffs in effecting a sale of the land of the defendant.

The complaint was denied, and other issues raised, which are not deemed material for the consideration of the case. From a verdict and judgment in favor of the plaintiffs, the defendant appeals.

REVERSED.

For appellant there was a brief and an oral argument by *Mr. H. E. Slattery.*

For respondents there was a brief over the names of *Mr. Jesse Stearns* and *Mr. Fred E. Smith,* with an oral argument by *Mr. Stearns.*

MR. JUSTICE BURNETT delivered the opinion of the court.

1, 2. According to the bill of exceptions the plaintiff Lueddemann testified that on March 16, 1914, he received through the United States mail a letter from the defendant, "Exhibit A" which is here set out:

"Yamhill, Oregon, Mar. 16—14.
"Lueddemann Ruley Company.
"Sir I seen your Ade in the Sunday Oregonian that you had land to trade for a wheat ranch that I would trade for a good dairy ranch. My farm is 5 miles north of Kahlotus, Franklin Co. Wash. consists of 1440 achers, 1300 in cultivation, 650 in fall wheat and 650 to bee summer followed free to buyer. Place rented to Nov. 1st, this fall. My price is $27.00 acher; there is a mortgage of $9025, against it, $1725 due this fall; $1300 next fall; $6000 in 1916. Buildings only fair; small house, barn room for 25 head of horses, well and windmill. SW 1–4 of sec. 12; all sec. 13; all of sec. 14 Town. 14 R. 34. I will give $1000. Com. on a trade or I will give you $1500 on cash sale. In·case of cash sale I will cut my price a little. Will give long time with fair cash payment down. Hope to hear from you soon.          Your truly,
"WM. RUDOLF."

The same witness testified that in·answer to the foregoing letter he wrote, signed and mailed to the defendant at his postoffice, Yamhill, Oregon, the following communication:

"Portland, Oregon, March 21, 1914.

"Mr. William Rudolf, R. 1, Yamhill, Oregon.

"Dear Sir.: Replying to your favor of March 16th, the owner of the three places we advertised could not consider your property, as it amounts to more than he would care to undertake. He would assume up to say $4,000 or $5,000, but your property amounts to over $38,000, and he would have to assume over $20,000, so it is out of the question. We are glad, however, to know about your property, as we believe that we can get you a trade. Please let me know whether all of this years crop goes with the place, or is it rented, and if rented, when can you give possession? Are they to plow the Summer fallow even if you trade the place off? How far are you from the nearest station? Is there any running water on your place, or any alfalfa land? Is there any stock and implements included? Would you cut the place in two, that is, would you trade part of it? How high would you go, if you could get a good stocked and equipped dairy farm? Please let me know about these matters, and I will try to put up a good proposition to you as we have a number of things to offer for a good wheat farm.

"Yours truly,

"LUEDDEMANN, RULEY & CO.,

"By MAX LUEDDEMANN."

The plaintiffs stated to the court that these two letters constituted the contract of employment, and that they relied upon them as constituting the agreement between the parties whereby the defendant employed the plaintiffs to effect a trade of his land. In order to establish a contract upon offer and acceptance the acceptance must be in the precise terms of the offer. In other words, the acceptance must precisely meet the terms of the offer, or there is no meeting of minds so essential to the validity of a contract. The following excerpt from the letter of the plaintiff conclusively shows that the offer of the defendant was not accepted:

"Replying to your favor of March 16th, the owner of the three places we advertised could not consider your property, as it amounts to more than he would care to undertake.  He would assume up to say $4,000 or $5,000, but your property amounts to over $38,000, and he would have to assume over $20,000 so it is out of the question."

The remainder of the plaintiff's letter at best is nothing more than a counter proposition.  There was no acceptance of this counter proposition according to the statements of the plaintiff that the two letters mentioned constituted the whole contract.  Section 808, L. O. L., says:

"In the following cases the agreement is void unless the same or some note or memorandum thereof, expressing the consideration, be in writing and subscribed by the party to be charged, or by his lawfully authorized agent; evidence, therefore, of the agreement shall not be received other than the writing, or secondary evidence of its contents, in the cases prescribed by law. * * 8. An agreement entered into subsequent to the taking effect of this act, authorizing or employing an agent or broker to sell or purchase real estate for compensation or a commission."

As stated, the only writings offered in evidence are not sufficient in point of law to constitute a contract.  The case is controlled by *Henry* v. *Harker,* 61 Or. 276 (118 Pac. 205, 122 Pac. 298), where it was decided that the writings appearing in evidence did not constitute a contract by offer and acceptance.

The judgment of the Circuit Court is reversed.

REVERSED.   REHEARING DENIED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE McBRIDE and MR. JUSTICE BENSON concur.

Denied February 15, 1916.

ON PETITION FOR REHEARING.

(155 Pac. 172.)

*Mr. Jesse Stearns* and *Mr. Fred E. Smith,* for the petition.

*Mr. H. E. Slattery, contra.*

Department 1.   MR. JUSTICE BURNETT delivered the opinion of the court.

3. The original opinion in this case disposed of the issue on the ground that no acceptance of the defendant's offer was proven, and that nothing more than a counter proposition was disclosed.   On the petition for rehearing we are concerned with the question of whether the letters between the parties introduced by the plaintiffs in evidence are sufficient within the terms of our statute of frauds to prove the contract upon which they rely.   The amended complaint alleges, in substance, that in March, 1914, the defendant in writing duly subscribed by him employed and authorized the plaintiffs to sell or exchange his wheat farm of 1,440 acres, regularly described by legal subdivisions, and agreed to pay them $1,000 as commission if they negotiated an exchange of his land for other property. Other averments of that pleading relate to acceptance by the plaintiffs of the employment, their success in effecting a trade for other realty, and the refusal of the defendant to pay.   The answer says:

"Except as hereinafter admitted, stated or qualified, the defendant denies each and every allegation within the amended complaint of the plaintiffs contained."

This amounts to a complete traverse unless the new matter stated by the defendant makes a case for the plaintiff.

4. The only averment by the defendant affecting the question under consideration is this:

"The defendant states that the only writing in any way existing by and between the parties hereto is the original of which 'Exhibit A' hereto attached is a copy, and that the same does not meet the requirements of the statute of frauds, and for that reason the plaintiffs are not entitled to recover; that said 'Exhibit A' is into this answer incorporated and made a part hereof as though fully set forth herein."

"Exhibit A" there mentioned is the letter of Rudolf to the plaintiffs, dated March 16, 1914, and quoted in the former opinion. The excerpt from the answer amounts to an affirmative plea of the statute of frauds, and does not excuse the plaintiffs from proving the allegations of their complaint.

5. It will not suffice to show even the greatest efforts to sell or even the accomplishment of such a purpose unless there is a contract to which such acts can be applied as performance on the part of the plaintiffs. Without a lawful agreement to support the same, no labor, however valuable, by one for another will make the person performing it more than a mere volunteer not legally entitled to compensation. Unless forbidden by positive statute, the courts have indeed gone far to imply from the circumstances of valuable service an agreement on the part of the recipient to pay for them. But, however morally deserving the plaintiffs may be, we cannot override the express mandate of the law in their interest and impose upon the defendant a liability which the legislative department of the government has

explicitly said shall not exist unless it is evidenced in a certain prescribed manner.

6. The defendant's letter is quoted in full in the former opinion, but for brevity we here adopt the condensation of it appearing in the petition for rehearing:

"Sir: I seen your ade in the Sunday Oregonian that you had land to trade for a wheat ranch. My farm is five miles north of Kahlotus, Franklin County, Washington; consists of 1,440 achers, 1,300 in cultivation; S. W. ¼ of Section 12, all section 13, all of section 14, Town. 14 R. 34. I will give $1,000 com. on a trade or I will give you $1,500 on cash sale.

"[Signed]    W. Rudolph."

It is upon this letter subscribed by the defendant whom they seek to charge that the plaintiff's rely to satisfy our statute of frauds in their endeavor to prove their complaint. Much other correspondence between the parties appears in the report of the testimony, but nothing signed by the defendant comes any wise nearer the requirements of the statute than this first letter. In plaintiffs' communication of April 6, 1914, they state they send him therewith a blank contract for his signature, and on April 18, 1914, they inquire when he is going to give them the contract, but no such document appears in the record. It would seem from this that the plaintiffs were conscious they had no contract with the defendant as contemplated by the law. On this point the bill of exceptions states that the plaintiffs informed the court at the trial that they relied upon the above letter and their answer to it, both of which are quoted *in extenso* in the original opinion, as constituting the agreement supporting their claim. In applying the statute to this letter it is well to recall as pointed out by Mr. Justice Benson in *Taggart* v. *Hunter,* 78 Or. 139 (152 Pac. 871), after exhaustive research, that only

eight other states have statutes declaring certain contracts void unless written in a prescribed form.   Only in Alabama, Minnesota, Nevada and Wisconsin, besides Oregon, do the statutes require the consideration to be expressed.   Taken altogether, our statute of frauds seems to be the most stringent in terms of all in the United States.   Our law declares contracts of the kind here involved to be void unless, among other things, the consideration is expressed.   Although there may have been a consideration in fact, yet the statute is not satisfied unless it is stated in the writing subscribed by the party to be charged.

"Consideration is that which moves from the promisee to the promisor at the express or implied request of the latter in return for his promise": Clark, Contracts (3 ed.), § 61.

It may also be said to be that which induces a party to act or promise.   What then is expressed in the defendant's letter which moved him to promise to pay $1,000 to the plaintiffs?   Nothing is revealed as moving from them and persuading him to promise.   Neither is there stated any advantage gained or to be acquired by him which causes him to promise.   The sum of money named is no consideration to him.   Parting with it as stated is not to his betterment.   His agreement cannot be its own consideration.   As part of his offer he makes a tentative promise to pay $1,000; but he does not express any consideration for it.   An acceptance is a consideration supporting a contract initiated by an offer; but in cases within the statute, that, like any other consideration, must be expressed in the writing by which the party to be charged is bound.   This rule is subserved by considering a letter containing the offer and the answer accepting it as constituting one agreement,

79 Or.—17

although inscribed on separate papers; but, as we have seen in the original opinion, the acceptance must exactly coincide with the offer else there is no meeting of minds so essential to any agreement. This condition is not fulfilled by any writing in the record in this case.

The letter is an offer; but throughout the whole correspondence there is never a point where one party says, "I offer this," and the other party replies, "I accept it." Apparently the plaintiffs acted on the assumption that the defendant's first letter was a sufficient contract, and directed his attention to various tracts they had for sale, but, so far as disclosed by the letters, none were acceptable to him for one reason or another. Finally, he withdrew the land from market. If we rely upon the writings, as the statute says we must, nothing is disclosed but fruitless negotiation.

7. The law requires three conditions to support an agreement to pay commission to a real estate broker. As applied to this case, they are: (1) A written note or memorandum of the agreement; (2) expression of the consideration in the writing; (3) signature of the defendant. Whatever may be said of the first and third there is nothing to meet the second essential. The legislature has declared that in such instances the agreement is void, and not only so, but has gone further, and, in words differentiating our law from that of most other states, forbids any other evidence of the contract than the writing itself, unless it is lost or something of the kind.

The deduction is that in Oregon, under the present state of the law, there can be no implied contract to pay a commission to a real estate broker. Unless he has an express contract complying with the statute of frauds, he is as helpless in his effort to recover compensation at law as though he endeavored to prove a

conveyance of land without a deed, or a bequest without a will. The plaintiffs have relied for recovery largely on their efforts to find a purchaser for the defendant's land, and claim to have produced the one to whom he sold; but performance does not prove a contract of which the law says a writing in terms prescribed shall be the only evidence and no other shall be received.

Taking the defendant's first letter and the answer to it from the plaintiffs for the agreement, as counsel informed the court they were (and no better situation is disclosed in any of the other letters), the fallacy of the contention of plaintiffs may be illustrated by this query: Suppose, without giving the plaintiffs a reasonable time to effect a sale or exchange, the defendant had sold his land to someone unknown to plaintiffs the next day after receipt of their answer to his first letter; could they have recovered as for a breach of an agreement? The answer must be in the negative.

8. The statute was designed as a protection against importunate and unscrupulous real estate agents who thrust themselves upon anyone having realty for sale and claim commissions under any and all circumstances. Tacked as it was to the statute of frauds, it is a very drastic measure, and in this instance it may have operated harshly upon deserving men; but we cannot disregard the plain words of the law. The only relief from it must be found in a change of the legislative enactment by that department of the government.

The petition for rehearing must be denied.

REVERSED.    REHEARING DENIED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE MCBRIDE and MR. JUSTICE BENSON concur.