Argued January 4, reversed January 16, rehearing denied February 13, 1917.

# DODGE *v.* ROOT.

### (162 Pac. 254.)

**Vendor and Purchaser—Evidence of Contract—Question for Court.**

1. Where an alleged contract for the purchase of land is evidenced solely by letters and telegrams, the question whether they constitute a contract is for the court.

**Frauds, Statute of—Memorandum—Complete Contract.**

2. Numerous letters and telegrams examined, and *held* not a sufficient contract for sale of land to satisfy the statute of frauds.

**Vendor and Purchaser—Offer and Acceptance.**

3. Numerous letters and telegrams relating to a sale of land, examined, and *held* not to constitute an offer and acceptance.

[As to contracts by telegraph and admissibility of telegrams as evidence, see notes in 93 **Am. Dec.** 514; 110 **Am. St. Rep.** 742.]

From Jackson: GEORGE F. SKIPWORTH, Judge.

Department 2.    Statement by MR. JUSTICE BURNETT.

This is an action by Charles Dodge against C. W. Root to recover damages for the breach of an alleged contract whereby the defendant agreed to sell and the plaintiff to buy certain real property.

A general demurrer to the complaint was overruled. An answer was then interposed raising substantially the same questions.

A reply having been filed, a trial was had, resulting in a judgment in favor of the plaintiff, from which the defendant appeals.

REVERSED.    REHEARING DENIED.

For appellant there was a brief over the names of *Mr. James N. Davis, Mr. E. D. Briggs* and *Mr. William W. Dugan, Jr.,* with an oral argument by *Mr. Davis.*

For respondent there was a brief over the names of *Mr. George B. Guthrie, Messrs. Sears & Benedict* and

*Mr. G. M. Roberts,* with an oral argument by *Mr. Guthrie.*

MR. JUSTICE BURNETT delivered the opinion of the court.

It is admitted that all the negotiations about the sale of the land are found in the written correspondence of the parties, and from these letters alone the plaintiff draws the conclusion that a contract sufficient within the provisions of our statute of frauds was made for the breach of which he should recover damages. All the communications passed during the year 1914. On April 10th of that year the plaintiff wrote to the defendant inquiring if the land was for sale and asking the latter to name his price and terms. Omitting the year and the formal parts of the other letters, they here follow:

April 13th, Root to Dodge:

"Yours of the tenth received. The 20-acre tract that you referred to is owned by T. H. Curtis, deceased, and myself, one half each. I am executor of T. H. Curtis estate and have authority to give good title for both. * * The price is $2,500, one thousand cash, and most any reasonable time on the balance secured by mortgage on the land at 7 per cent interest."

April 16th, Dodge to Root:

"I can take your offer of the 13th for the 20-acre tract if you will make the $1,500 in two notes of $750 in one year, and $750 in two years. Forward to the Astoria National Bank, Astoria, Oregon, an earnest-money receipt setting forth the following, and I will deposit to your credit the $100.00, to wit: Received of Chas. Dodge one hundred dollars as earnest in the purchase of [here give full legal description], containing 20 acres more or less, on the following terms and conditions, to wit: Upon satisfactory abstract, grantee agrees to pay $900 additional cash, and execute a mort-

gage in the sum of $1,500 payable in two equal annual notes of $750 each, with interest thereon at the rate of 7 per cent per annum payable annually, and vendor to execute to vendee good and sufficient warranty deed. If this is satisfactory wire acceptance, as I have other properties under consideration and time is some item to me. * * ''

April 18th, telegram, Root to Dodge:

''Care Weinhard Hotel, Astoria, Oregon. If abstract shows title good will complete sale as stated soon as possible.''

April 26th, telegram, Dodge to Root:

''Stayed over in Astoria all week. No word through bank from you. If abstract not ready for examination wire your attorney to accept earnest-money as decision on other tracts must be made immediately. Will be Portland Monday, wire answer.''

April 28th, telegram Root to Dodge:

''811 Gantenbein Avenue, Portland, Oregon. See Davis. He has all papers. Letter by mail.''

April 28th, Root to Dodge:

''I have just received a letter from the Astoria Abstract Co. which I inclose. This you can show to Attorney Davis if you desire to do so, as he has all the papers. If you are not satisfied with the title, which I consider good, I would not accept a payment, so you had better consult Mr. Davis and then if you are satisfied we will receive payment.''

May 7th, Dodge to Root:

''One week ago yesterday your attorney, Davis, prepared an earnest-money receipt for the purchase of the 20 acres that we have had under advisement, and forwarded the same to you assuring me that it would be signed and forwarded to the Astoria National Bank here for my payment of the $100.00, awaiting the completion of the abstract and acceptance of the same by my attorney.''

May 10th, Root to Dodge:

"Yours of the seventh received. Also the receipt for first payment as prepared by Attorney Davis. This receipt is not as originally worded for this you will see gives you a straight option on the land for 60 days for $100. I do not think best to do that. * * "

May 12th, Dodge to Root:

"Yours of the 10th at hand this morning and I presume you can imagine my surprise at the turn things have taken. I believe that you have mistaken the purport of the earnest-money receipt, returned, as I tried to make it plain to your attorney that as soon as the abstract was brought to a state of perfection that would bear the stamp of merchantable title the $1,000 was ready for you. If you have any doubt about a sale I will place the $1,000 in escrow in any bank you name subject to your check upon satisfactory abstract. As the abstract, I understand, is here and I also, if the bank I named here is satisfactory eliminate the 60-day feature if you wish and send your instructions to the bank. The point that the attorney seemed to make was the manner of your giving title, seeming to think that the way in which you proposed in your first communication might have caused both you and I some inconvenience. The earnest-money agreement he prepared seems to cover that feature, and as I stated above, the matter of the genuineness of a sale can readily be arranged if desired."

1, 2. It is well settled that when a contract is to be founded on offer and acceptance, it must be shown that the latter coincides precisely with the former. Unless this appears, there is no agreement: *Hardy* v. *Sheedy,* 58 Or. 195 (113 Pac. 1133); *Hall* v. *Olson,* 58 Or. 464 (114 Pac. 638); *Henry* v. *Harker,* 61 Or. 276 (118 Pac. 205, 122 Pac. 298); *Lueddemann* v. *Rudolf,* 79 Or. 249 (154 Pac. 116, 155 Pac. 172). The evidence of the alleged compact being all in the letters, it is the province of the court to construe them and see if they constitute

a contract. In the first letter of the defendant he says he has authority to give good title, but does not offer to give a warranty deed, yet in the terms proposed in answer to this the plaintiff requires that the vendor include such a covenant in his conveyance. The terms quoted by the defendant were "$2,500, one thousand cash and most any reasonable time on the balance secured by mortgage on the land at 7 per cent interest." The plaintiff does not precisely meet this proposal, but puts in the additional proviso that "if you will make the $1,500 in two notes of $750, in one year and $750 in two years." The telegram of April 18th does not constitute an exact acceptance of the counter offer made by the plaintiff. In fact, it ignores it, and appends another ingredient not hitherto mentioned concerning the abstract showing good title. The true construction of this telegram shows that the matter was yet open, leaving to either party an opportunity to retire from the negotiations. This is made plain by the telegram from Dodge to Root on April 26th, in which the sender speaks of having no word through the bank from Root. Dodge, too, manifestly thought the transaction was not closed.

The telegram from Root to Dodge of April 28th, does not amount to an acceptance. In the letter of May 7th, Dodge again manifests the state of his mind to be that the contract was not yet completed, for he speaks of awaiting the completion of the abstract and acceptance of the same by his attorney. From his standpoint there was that much yet to be done before he would be ready to close the negotiations and make a contract. In his letter of May 10th Root protests that the form of receipt which Dodge had forwarded in his letter of the 7th was not as originally worded; and finally, the plaintiff proposes other terms in his letter

of May 12th, where he offers to place $1,000 in escrow subject to Root's check upon a satisfactory affidavit, and winds up his letter with the statement that "the matter of the genuineness of a sale can readily be arranged if desired."

3. A careful reading of all these letters, which both parties agree are the only written evidence, discloses that at no point in the negotiations was there a situation where one party made a distinct offer and the other gave an acceptance in exactly the same terms. In short, their minds never met upon the same proposition in all its details. The case is very like *Henry* v. *Harker*, 61 Or. 276 (118 Pac. 205, 122 Pac. 298), and *Lueddemann* v. *Rudolf*, 79 Or. 249 (154 Pac. 116, 155 Pac. 172), and is governed by those precedents.

The demurrer to the complaint should have been sustained. There is error as alleged, and the judgment is reversed.    REVERSED.    REHEARING DENIED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE BEAN and MR. JUSTICE HARRIS concur.