Argued July 9; reversed December 1, 1931

## NORTHWESTERN AGENCIES, Inc., *v.* FLYNN
(5 P. (2d) 530)

*John J. Beckman,* of Portland (P. J. Kirwin, of Vancouver, Wash., on the brief), for appellant.

*W. W. McCredie,* of Portland (McCredie & Peterson, of Portland, on the brief), for respondent.

■ BROWN, J. The defendant asserts that the letter transmitted to him by the plaintiff does not constitute an acceptance of his offer or application for loan; and in this statement we think he is borne out by the writings set out above. To constitute a binding acceptance of an offer, every material condition prescribed by the offer must be met, nor shall there be any material variance from the terms of the offer. As to the essential components of a binding acceptance of a written offer, we set out the following excerpt from 13 C. J., 279:

"The offerer has a right to prescribe in his offer any conditions as to time, place, quantity, mode of ac-

ceptance, or other matters which it may please him to insert in and make a part thereof, and the acceptance, to conclude the agreement, must in every respect meet and correspond with the offer, neither falling short of or going beyond the terms proposed, but exactly meeting them at all points and closing with them just as they stand.''

At page 281 of that volume, the author sets out in the following language the effect of acceptance conditionally or on terms varying from the offer:

''An acceptance, to be effectual, must be identical with the offer and unconditional. Where a person offers to do a definite thing, and another accepts conditionally or introduces a new term into the acceptance, his answer is either a mere expression of willingness to treat, or it is a counter proposal, and in neither case is there an agreement.''

The holdings of this court are in harmony with the excerpt just quoted. In the case of *Dodge v. Root,* 83 Or. 21 (162 P. 254), Mr. Justice BURNETT, in delivering the opinion for the court, thus spoke:

''It is well settled that when a contract is to be founded on offer and acceptance, it must be shown that the latter coincides precisely with the former. Unless this appears, there is no agreement: *Hardy v. Sheedy,* 58 Or. 195 (113 P. 1133); *Hall v. Olson,* 58 Or. 464 (114 P. 638); *Henry v. Harker,* 61 Or. 276 (118 P. 205, 122 P. 298); *Lueddemann v. Rudolf,* 79 Or. 249 (154 P. 116, 155 P. 172). The evidence of the alleged compact being all in the letters, it is the province of the court to construe them and see if they constitute a contract.''

■ The defendant herein contends that the letter accompanying the plaintiff's communication is not a performance by the plaintiff, for the reason that the writer thereof does not bind himself or the company

represented by him to make any loan to the defendant at all. The letter constituting the alleged acceptance states, among other things:

"We are willing to grant a loan of $60,000, providing you can produce contracts or bills which will total not less than $98,000."

Defendant likewise points out the following condition in the letter not embraced in the application for a loan:

"Borrower is to furnish a surety bond satisfactory to this company guaranteeing the completion of the building, free of any liens. This bond would have to be a bond from the borrower direct to this company, and not from the construction company to this company."

In addition, the defendant's application reserves the right to pay the plaintiff up to $30,000 on any interest payment date, with privilege of making payment in full after three years upon giving 60 days' written notice, whereas the counter proposal set out in the letter transmitted to the defendant exacts as a premium for this privilege a payment to the lender of 3 per cent of the amount so paid.

The defendant objected to the reception in evidence of the letter which plaintiff terms its acceptance of his application for loan, upon the ground that the so-called acceptance failed to comply with the terms and conditions of the offer, and that, in effect, it was but a counter offer. The court overruled the objection, and the defendant says the court erred in that ruling. At the same time, the court denied defendant's motion for a nonsuit against the plaintiff.

We have already pointed out what the law of this state demands of an offeree when he accepts the terms of an offeror. The difficulty in this case arises out of

the attempt of the plaintiff to inject new and additional material conditions into the proposed contract. We have seen that the letter of acceptance contains a number of conditions not embraced, by implication or otherwise, in the terms of the offer. With reference to qualified or conditional acceptances, the editor of R. C. L. thus states the rule:

"In order that there may be a meeting of the minds which is essential to the formation of a contract, the acceptance of the offer must be substantially as made. There must be no variance between the acceptance and the offer. Accordingly a proposal to accept, or an acceptance upon terms varying from those offered, is a rejection of the offer, and puts an end to the negotiation, unless the party who made the original offer renews it, or assents to the modification suggested. * * * The acceptance must likewise be unequivocal and unconditional. If to the acceptance of a proposal a condition be affixed by the party to whom the offer is made, or any modification or change in the offer be made or requested, there is a rejection of the offer. Having in effect rejected the offer by his conditional acceptance, the offeree can not subsequently bind the offeror by an unconditional acceptance." 6 R. C. L., p. 608, § 31.

Furthermore, the offer is terminated by the expiration of the time limited for acceptance. *Waterman v. Banks,* 144 U. S. 394 (12 S. Ct. 646, 36 L. Ed. 479).

As to what constitutes an acceptance of a written offer, it is stated in 1 Page on Contracts, at section 151:

"Words or conduct amount to an acceptance only if they show that the offeree means to accept the offer. For this reason an uncommunicated offer can not be accepted. Silence does not amount to assent; and cross-offers do not constitute a contract."

This is not a case involving immaterial variances, or of adjustments implied by law. Before the plaintiff herein can recover for services in procuring a loan for the defendant, it must prove that the offeree irrevocably accepted the defendant's application precisely as made. That is the doctrine announced by our court and by the authorities hereinbefore cited. Because of the failure of the proposed lender to meet the conditions set out in the defendant's offer, the plaintiff has failed to make a case. It follows that the court erred in denying the defendant's motion for a nonsuit.

This cause should be reversed and remanded. It is so ordered.

BEAN, C. J., BELT and CAMPBELL, JJ., concur.