Submitted on brief of appellant March 1; reversed
March 14, 1939

# ELLINGSWORTH *v.* SHANNON

(88 P. (2d) 293)

In Banc.

*W. L. Cooper,* of Portland, for appellant.

No appearance for respondent.

KELLY, J. Plaintiff, being the owner of a general merchandise business in Willamina, Oregon, engaged A. L. Lee, a business opportunity broker in Portland, Oregon, to procure a purchaser therefor, agreeing to pay said broker ten per cent of the sale price, if the business were sold.

Defendant answered said broker's advertisement and was sent to plaintiff, whereupon negotiations took place between plaintiff and defendant.

The alleged contract, upon which this action is based, is evidenced by two letters, one from defendant to plaintiff, the other from plaintiff to defendant, which are as follows:

"1635 S. E. 57th Ave.,
Portland Ore Feby 1938.

Dear Mr. Ellingsworth,—

Further with reference to our telephone conversation in order that you may get our proposition clear, we offer the 1937 Olds Sedan and $3800.00 for the fixtures and trucks payable $950.00 quarterly. and invoice for stock approximately $18000.00 payable $15000.00 cash and the balance $500.00 per month until paid in full.

However, you would retain title to the fixtures until they were paid in full, which should be good security for this part of the deal.

Should we be able to dispose of the house here, I would turn the proceeds over to help liquidate the balance owing, in addition to the other amounts pledged.

This is the very best we can see our way clear to do as we do not wish to enter into a contract we will be unable to fulfill.

Should this not be acceptable to you, we can only say we are sorry for the time we have taken of yours and will hold all information obtained in strict confidence.

I thought best to give you our proposition in this way so you could get a clear picture of it and give it consideration by yourself. Should we not hear from you within the next few days we will consider the matter closed.

Thanking you for your many courtesies,

Yours truly,
D. G. Shannon.''

"Portland, Oregon.
February 7, 1938.

Mr. D. G. Shannon,
1635 SE 57th Ave
Portland, Ore.

Dear Mr. Shannon:

In talking this over with Mr. Lewis after you left his office, he informed me that the proper procedure is for me to accept your offer in the form of a letter, so that you folks will have an equally definite proposition, the same as you have given to me.

I hereby accept your terms as outlined in your letter received yesterday, namely:

You to turn over to me your 1937 Olds Sedan, and $3800.00 (payable $950.00 quarterly), for the fixtures and trucks.

$15,000.00 cash, and $500.00 monthly on the balance, for the stock, (approximately $18000.00), same to be reinvoiced when you take over, (inventory to be figured at my cost).

Me to retain title to fixtures and equipment until they are completely paid for, as per contract, as per your letter.

Yours very truly,"

The defendant testified that he did not receive plaintiff's answering letter above set out. The copy introduced in evidence was unsigned.

Plaintiff insists that these two letters constitute a contract. Defendant urges that they do not disclose a meeting of the minds as to the amount to be paid for the stock of merchandise. Seasonably, defendant interposed a motion for an order of involuntary nonsuit, which was overruled by the trial court. Defendant argues that, in his letter, there is nothing said as to what should be the basis of ascertaining the value of said merchandise, whether it should be inventoried in accordance with its wholesale value, its retail value, the wholesale cost thereof to plaintiff, or its retail price.

Defendant further contends that in plaintiff's letter, for the first time, it is said "inventory to be figured at my cost." Defendant contends that this clause introduces a new phase or proposition not embraced in defendant's offer; and hence, plaintiff's letter is not such an acceptance of defendant's offer that when the two letters are taken together, they constitute a binding, enforcible contract.

Section 64-309, Oregon Code 1930, which is part of the Uniform Sales Act, has the following provision:

"Price—Definition and ascertainment—(1) The price *may be fixed by the contract,* or may be *left to be fixed in such manner as may be agreed, or* it may be *determined by the course of dealing* between the parties.

\*    \*    \*    \*    \*

Where the price is not determined in accordance with the foregoing provisions the buyer must pay a reasonable price. What is a reasonable price is a question of fact dependent on the circumstances of each particular case." (Italics supplied.)

■■ Defendant's letter does not fix the price of the stock of merchandise. It is true that in that letter, reference is made to "invoice for stock approximately $18,000.00"; but that is a mere approximation. Defendant's letter does not indicate the manner in which such price is to be fixed. There is nothing in defendant's letter, nor in the record, in respect to the course of dealing between the parties by which the price may be determined. This being so, at most, defendant's letter can be construed as an offer merely to pay a reasonable price. We think a reasonable construction of plaintiff's letter is that plaintiff proposed that the price should conform to the amount the stock of merchandise had cost plaintiff. Such a proposition varies the offer made by defendant and is not an unqualified and precise acceptance thereof.

■ An acceptance must be in the precise terms of the offer. If, as here, a new provision is suggested, the answer is merely a counter offer and until that has been assented to by the one making the original offer, there is no meeting of the minds and hence no contract: *Shaw Wholesale Co. v. Hackbarth*, 102 Or. 80, 93, et seq. 198 P. 908; *Northwestern Agencies, Inc. v. Flynn*, 138 Or. 101, 5 P. (2d) 530; *Dodge v. Root*, 83 Or. 21, 162 P. 254; *Hardy v. Sheedy*, 58 Or. 195, 113 P. 1133; *Hall v. Olson*, 58 Or. 464, 114 P. 638; *Henry v. Harker*, 61 Or. 276, 118 P. 205, 122 P. 298; *Lueddemann v. Rudolf*, 79 Or. 249, 154 P. 116, 155 P. 172; 55 C. J., Sales, 98, § 62.

■ Moreover, the commission paid or agreed to be paid by the seller to a broker for the procurement of purchaser, is not an element of recoverable damage in a case based upon a breach of contract to buy. Such an expense is not a result of the breach. It would still have to be paid if the contract to buy had not been breached.

*Steers v. Laird,* 3 Misc. Rep. 408, 23 N. Y. S. 158; *Willhelm Lubrication Co. v. Brattrud,* 197 Minn. 626, 268 N. W. 634, 106 A. L. R. 1279; *Barkley v. Winnychuk,* (Alberta, 1926) 4 D. L. R. 538 (1926), Vol. 3, West. Weekly Rep. 327; *Hubbard v. Epworth,* 69 Mich. 92, 36 N. W. 801; *Sievert v. Wood,* 133 Kan. 540, 300 P. 1090; *Tinsley v. Dowell,* 87 Tex. 23, 26 S. W. 946; *Evrit and Wightman v. Bancroft,* 22 Ohio St. 172; *Goff v. Adelson,* 229 App. Div. 802, 242 N. Y. S. 278; *VanCott v. Marion DeVries, Inc.,* 37 Fed, (2d) 48.

The Uniform Sales Act contains the following provision:

"(1) Where the buyer wrongfully neglects or refuses to accept and pay for the goods, the seller may maintain an action against him for damages for nonacceptance.

(2) The measure of damages is the estimated loss directly and naturally resulting, in the ordinary course of events, from the buyer's breach of contract.

(3) Where there is an available market for the goods in question, the measure of damages is, in the absence of special circumstances showing proximate damages of a great amount, the difference between the contract price and the market or current price at the time or times when the goods ought to have been accepted, or, if no time was fixed for acceptance, then at the time of the refusal to accept.

(4) . . . . The profit the seller would have made if the contract or the sale had been fully performed shall be considered in estimating such damages." Section 64-702, Oregon Code 1930.

No attempt was made in the instant case, either by pleading or proof, to invoke the foregoing statutory measure of damages, the only recovery sought being reimbursement for the amount agreed to be paid, and which in part was paid, by plaintiff to the broker as commission for making the sale.

For these reasons, the judgment of the circuit court is reversed, and the cause remanded with instructions to enter an order for involuntary nonsuit.