HENDRY, Judge.
The question presented is whether a prorated portion of a real estate brokerage commission is recoverable as damages by the lessor after lessor terminated the lease because of lessee’s failure to pay the rent due.
The appellee cites the case of Trustees of First Presbyterian Church in Newark v. Howard Co. — Jewelers, 19 N.J.Super. 168, 88 A.2d 33 (1952) in support of the lower court’s final decree in which it was declared that the unearned portion of the real estate broker’s commission was an item of damages. The decision of the Superior Court of New Jersey, supra, was reversed on appeal on other grounds and, therefore, the issue presented herein was not passed upon on appeal.
The weight of authority in the United States is that a broker’s commission is not an element of recoverable damage in a case based upon breach of contract as the commission was not incurred in performing the contract, but in procuring it. Manning v. Pounds, 2 Conn.Cir. 344, 199 A.2d 188 (1963); Linde v. Ellis, 224 Ky. 649, 6 S.W.2d 1089 (1928); Hubbard v. Epworth, 69 Mich. 92, 36 N.W. 801 (1888); Wilhelm Lubrication Co. v. Brattrud, 197 Minn. 626, 268 N.W. 634, 106 A.L.R. 1279 (1936); Empire Realty Corp. v, Sayre, 107 App.Div. 415, 95 N.Y.S. 371 (1905); Steers v. Laird, 3 Mise. 408, 23 N.Y.S. 158 (1893); Ellingsworth v. Shannon, 161 Or. 106, 88 P.2d 293 (1939) ; Platts v. Arney, 50 Wash. 2d 42, 309 P.2d 372 (1957). Therefore, the decree appealed is reversed.
Reversed and remanded for further proceedings relating to the question of damages not inconsistent with this opinion.