Greg S. HULSEY, Plaintiff—Appellant,

v.

Michael D. LINDEMAN, Defendant—Appellee.

No. 04–35239.

United States Court of Appeals, Ninth Circuit.

Submitted July 11, 2005.*

Decided July 26, 2005.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

F. Gordon Allen, Esq., Allen & O'Halloran LLP, Portland, OR, for Plaintiff–Appellant.

Richard B. Thierolf, Jr, Esq., Jacobson, Thierolf & Dickey, P.C., Medford, OR, for Defendant–Appellee.

Before RYMER and TASHIMA, Circuit Judges, and WEINER,** Senior District Judge.

## MEMORANDUM ***

Greg Hulsey appeals from the summary judgment in favor of Michael Lindeman in Hulsey's diversity action for breach of contract, promissory estoppel, and quantum meruit. Hulsey argues that the district court erroneously applied Oregon's Statute of Frauds to an alleged oral contract he had with Lindeman to pay Hulsey a finder's fee if Hulsey found a buyer for Lindeman's property. We affirm.

Oregon Revised Statutes § 41.580(1)(g) clearly applies to the oral contract at issue here and bars Hulsey's recovery under well-established Oregon Supreme Court precedent. See, e.g., Lueddemann v. Rudolf, 79 Or. 249, 154 P. 116 (1916); Taylor v. Peterson, 76 Or. 77, 147 P. 520 (1915); Sorenson v. Smith, 65 Or. 78, 129 P. 757 (1913).

Hulsey argues that more recent Oregon Supreme Court cases have recognized equitable exceptions to the Statute of Frauds for part performance and estoppel, and that those exceptions should be applied to his case since he performed his end of the alleged deal and since he relied on Lindeman's alleged promises to his detriment. See, e.g., Willamette Quarries, Inc. v. Wodtli, 308 Or. 406, 781 P.2d 1196 (1989); Stevens v. Good Samaritan Hosp. & Med. Ctr., 264 Or. 200, 504 P.2d 749 (1972); United Farm Agency v. McFarland, 243 Or. 124, 411 P.2d 1017 (1966). However, each of these cases dealt with Statute of Frauds provisions other than Or.Rev.Stat. § 41.580(1)(g). Lueddemann, Taylor, and Sorenson expressly state that no exception for full or part performance exists for real estate commission agreements. Lueddemann, 79 Or. at 258–59; Taylor, 76 Or. at 82, 147 P. 520; Sorenson, 65 Or. at 88, 129 P. 757. In the absence of contrary authority from the Oregon Supreme Court or the Oregon legislature, we will not read an exception into Or.Rev.Stat. § 41.580(1)(g) that binding Oregon Supreme Court decisions have held does not exist.

AFFIRMED.

---

** The Honorable Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.