GUSTAFSON v. BUD CLARK, INC.

1. FRAUDS, STATUTE OF—ORAL CONTRACTS—BROKER'S COMMISSION.
    Oral agreement to pay a broker for services rendered to a prospective buyer of real estate in obtaining such property is unenforceable under the statute of frauds (CL 1948, § 566.132).

2. SAME—BROKERS—COMMISSIONS—PURCHASE OF REAL ESTATE.
    The provisions of the statute of frauds concerning contracts for payment of a commission for or upon sale of any interest in real estate *held,* to apply to an agreement for a purchase as well as a sale because a sale is the necessary complement of the purchase, and both are clearly within the mischief which was intended to be remedied by the statute (CL 1948, § 566.132).

Appeal from Wayne; Kaufman (Charles), J. Submitted Division 1 May 31, 1966, at Detroit. (Docket No. 1,293.) Decided November 9, 1966.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2]  12 Am Jur 2d, Brokers §§ 38, 43.

Complaint by Roscoe E. Gustafson against Bud Clark, Inc., a Michigan corporation, for the value of services rendered in securing parcels of real estate for purchase by defendant for location and erection of an automobile agency. Judgment for defendant. Plaintiff appeals. Affirmed.

*Dunbar Davis,* for plaintiff.

*Ronald K. Dalby (Dykema, Wheat, Spencer, Goodnow & Trigg,* of counsel), for defendant.

J. H. GILLIS, P. J.    Plaintiff, Roscoe E. Gustafson, a licensed real-estate broker, commenced an action against the defendant, Bud Clark, Inc., alleging in the complaint that defendant requested plaintiff to secure information, solicit offers to sell real estate, and assemble parcels of land suitable for the location and erection of an automobile agency. Plaintiff contends that the defendant agreed to pay the plaintiff the reasonable value of his services and that he gave plaintiff a check for $400 as an advance to be used for expenses and for "good faith" money on offers to sell. Plaintiff agreed to render such services and contends that he assembled the necessary information on 13 parcels of real estate, one of which defendant later purchased. Plaintiff further set forth in the complaint that the reasonable and agreed value of plaintiff's services is $500 for each parcel.

The trial court held that plaintiff's claim was within the statute of frauds[1] and granted defendant's motion for accelerated judgment in accordance with GCR 1963, 116.

This Court must determine whether the oral agreement to pay the broker for services rendered to a

---

[1] CL 1948, § 566.132 (Stat Ann 1953 Rev § 26.922).

prospective buyer is unenforceable in accordance with the provisions of the statute of frauds.

This case is controlled by *Slocum* v. *Smith* (1917), 195 Mich 281, 282, 283, which held:

"While it is true, as counsel say, that a purchase is not a sale nor a sale a purchase, it is equally true that there cannot be a purchase without a sale, nor a sale without a purchase. The history of the reasons leading up to this legislation is persuasive that the law was intended to apply to an agreement for a purchase as well as a sale because one is a necessary complement of the other. Both are clearly within the mischief which was intended to be remedied by the legislature, and we think a reasonable and liberal construction of the statute will make it apply to an agreement for a purchase as well as to a sale of real estate."

Appellant argues that the Supreme Court in effect overruled the *Slocum Case* when it handed down its decision in *Stephenson* v. *Golden* (on rehearing, 1937), 279 Mich 710. However, an examination of the *Stephenson Case* discloses that it refers to an action by the prospective purchaser against the broker who was to have purchased certain lands for the plaintiff, but instead purchased them in his own name for his own use. The case was decided on agency principles. The Court held that the broker was holding the land in question as a constructive trustee for the benefit of the plaintiff.

Judgment affirmed. Costs to appellee.

FITZGERALD and QUINN, JJ., concurred.