### JUDY *v.* LENTZ.

1. FRAUDS, STATUTE OF—CONSTRUCTION—ORAL CONTRACTS—LEASES —COMMISSIONS.

   Oral contract to pay commission for obtaining oil and gas leases is void under the statute of frauds (CL 1948, § 566.132).

2. SAME—PURCHASE OF REAL ESTATE—COMMISSIONS.

   Oral contract to pay commission for obtaining oil and gas leases, although contract to "purchase" was also contract "for or upon the sale of any interest in real estate," made void by statute of frauds, since every contract to purchase is also a contract to sell and statute was intended to correct mischief presented by both (CL 1948, § 566.132).

3. SAME—PERFORMANCE—PART PAYMENT—COMMISSIONS.

   Oral contract to pay commission for obtaining oil and gas leases is absolutely void under statute of frauds, and unenforceable even though there be performance by one party and partial payment by the other (CL 1948, § 566.132).

Appeal from Kent; Hoffius (Stuart J.), J. Submitted Division 3 January 4, 1967, at Grand Rapids. (Docket No. 1,777.)  Decided April 13, 1967.

Complaint by Lloyd Judy against Robert C. Lentz and Lester A. Shimmel to recover commission allegedly due plaintiff pursuant to an oral contract to obtain certain oil and gas leases for defendants. Summary judgment for defendant Shimmel. Motion for rehearing and leave to amend complaint denied. Plaintiff appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 49 Am Jur, Statute of Frauds §§ 4, 49, 189, 222.

*Rhoades, Garlington, McKee & Boer (Richard G. Leonard, of counsel), for plaintiff.*

*John M. Jereck, for defendant.*

Burns, J. The plaintiff brought an action against defendants to recover commission due him on an oral contract for obtaining certain oil and gas leases for defendants. The plaintiff claims it was agreed that he would be paid the sum of $50,000 for obtaining such oil and gas leases on behalf of defendants if any one of the leases resulted in the discovery of a gas field. The plaintiff did obtain a number of leases on defendants' behalf, and defendants subsequently struck gas under one of these leases.

Defendants admitted the existence of an agreement to obtain the leases, but denied that they ever agreed to pay the plaintiff $50,000. Defendants paid plaintiff the sum of $1,100.

The trial court granted defendant Shimmel's motion for summary judgment on the ground that the agreement was not in writing and was, therefore, void under the statute of frauds* which provides:

"In the following cases specified in this section, every agreement, contract and promise shall be void, unless such agreement, contract or promise, or some note or memorandum thereof be in writing and signed by the party to be charged therewith, or by some person by him thereunto lawfully authorized, that is to say:   *   *   *

"5. Every agreement, promise or contract to pay any commission for or upon the sale of any interest in real estate."

The plaintiff made a motion for a rehearing and leave to amend, which was denied.

On appeal the plaintiff raises 2 issues:

---

* CL 1948, § 566.132 (Stat Ann 1953 Rev § 26.922).

Does the statute of frauds, *supra,* prevent plaintiff-appellant from recovering a commission for obtaining gas and oil leases on certain real estate where the contract providing for the commission is in parol?

Where plaintiff-appellant has fully performed his obligations under an oral contract to obtain gas and oil leases and the defendant has partially performed his obligation under the contract, is the agreement enforceable notwithstanding the statute of frauds?

Plaintiff's argument that the statute does not apply because his commission was not for a *sale* of a real property interest but was rather for a *purchase* of such an interest, completely ignores the import of the words, "or upon" in the statute; his commission was obviously upon a sale although it was for a purchase. Recently this Court in *Gustafson* v. *Bud Clark, Inc.* (1966), 5 Mich App 118, quoted *Slocum* v. *Smith* (1917), 195 Mich 281, pp 282, 283:

" 'While it is true, as counsel say, that a purchase is not a sale nor a sale a purchase, it is equally true that there cannot be a purchase without a sale, nor a sale without a purchase. The history of the reasons leading up to this legislation is persuasive that the law was intended to apply to an agreement for a purchase as well as a sale because one is a necessary complement of the other. Both are clearly within the mischief which was intended to be remedied by the legislature, and we think a reasonable and liberal construction of the statute will make it apply to an agreement for a purchase as well as to a sale of real estate.' "

The facts in the present case are almost identical to the facts in the above quoted case, wherein there was performance by the plaintiff and a partial payment by the defendant.

Judgment affirmed. Costs to appellees.

FITZGERALD, P. J., and QUINN, J., concurred.